[ *430 ] *By the Court,
Nelson C. J.
There can be no doubt but that Greeves had sufficient authority to make the purchase of the plaintiff; and that the defendants are liable, unless exonerated by the mode of providing for payment.
Looking at the terms of the authority conferred upon Greeves, I think it clear the purchases were to be made for cash. The first article of the association provides for funds, to meet from time to time his drafts, which he is authorized to make at ten days sight. The stipulation was a material one, as it operated by way of check upon the conduct of the agent, and enabled him to purchase upon the most advantageous terms. But as the defendants have got the title to the land of the plaintiff, unless it shall appear *329 that they have already advanced the necessary funds to meet the payment upon the drafs of the agent, they should still be liable ; for then they lose nothing by the delay. If, however, they have furnished him with funds in the usual way, equal to the balance due over and above sufficient to meet the other purchases, then I am inclined to think they have done all that can be exacted of them, and the plaintiff must look to the agent.
The ratification was probably void, on the ground that Greeves concealed the fact of giving the notes; but, aside from this, Graham, one of the defendants, was not present at the time of the supposed ratification ; as the plaintiff must make out a joint indebtedness against all, the failure to show the assent of one is fatal.
The view thus far preceeds upon the assumption, that the evidence of the agent was competent for the plaintiff; if it was not, the whole foundation of the action fails, as he is the only witness called to sustain it. The cases of McBrain v. Fortune, 3 Camp. 317, and Ripley v. Thompson, 12 Moore, 55, are decisive against his admission. The first was an action for goods sold; and the plaintiff called one S., who had purchased them in bis own name, for the purpose of proving that he acted as agent for the defendants. He was objected to, on the ground that he was himself prima fade liable, and would be discharged if the plaintiff recovered. Lord Ellen, borough held, that he could not be examined *either on the [ *431 ] ground of necessity, or that he stood indifferent between the parties : the positions taken for his admission. He said the witness had a clear interest in the event of the sale, without any counterbalance. If it succeeded, the verdict would be evidence for him in an action against himself, to which he was personally liable. The other was also an action for goods sold; the defendants were partners. Four horses had been sold by the plaintiff to one G., who had given his own notes for the purchase money, payable at one and two months. The notes had been dishonored. G. was a horse dealer, and several witnesses were called to show that he had been set up by the defendants, and was in fact a partner with them. The plaintiff proposed to call G. himself, for the purpose of showing that the defendants were to provide money for the purchase of horses, and he was to be allowed a weekly salary out of the profits. He was objected to without a release. The judge rejected him, and the plaintiff submitted to a nonsuit, with leave to move to set it aside. The court held him interested in obtaining a verdict against the defendants: Prima faeie he stood liable for the whole debt as principal, and was called to fix it upon the defendants, to whom he would only be liable for contribution. Chief Justice Best said he could not distinguish it .from McBrain v. Fortune, which had been cited.
The principle has been carried into all the elementary books. 1 Phillips on Ev. 130 ; 1 Starkie’s Ev. 108. The last author states it thus : It has *330 been held that where a witness is prima facie liable to the vendor of goods which he has purchased in his own name, he is not a competent witness for the vendor against a third person, to prove that the defendant is solely or jointly liable for the goods; for in such case, the witness has a direct interest in causing another to pay or contribute to the payment of the debt.
Here, Greeves is prima fade liable for the debt. The drafts are in his own name ; and though he subscribed the notes as agent, the names of the principals are not given. Sherman had no special agency for them, except to pay the drafts, and take the title in his own name. The wit- [ *432 ] ness is called to fix this debt upon the defendants ; to create *a new liability by means of which he may become discharged ; for if the plaintiff adopts his act as agent, and recovers against the defendants, he could not afterwards resort to him. .
New trial granted; costs to abide ekent.