<div style="text-align: center">KNIGHT v. LAUVE et al.</div>

In an action against part of the owners of a steamer, who, as commercial partners, were bound *in solido*, on a note, given for materials furnished for her equipment, which recites that "the steamer and owners promise to pay, &c.," and was signed by two of the partners who acted as agents for the rest, the latter will not be incompetent as witnesses for the plaintiff on the ground of interest in the event of the suit.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *T. R. Wolfe*, for the plaintiff. *Sigur* and *Bonfond*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This suit is upon a note signed by *Dimitry* and *Plaisent*, by which "the steamer Belle Creole and owners promise to pay;" and also upon an account for materials furnished for the equipment of the steamer, in consideration of which the note was given. The articles of partnership, and the other matters established by the evidence in the case of *McAlpin* v. *Lauve*, recently decided, 2 Ann. R. p. 1015, are also presented in the present case; and the point of difference between that case and this is that, in *McAlpin's* case, the furnishing of the materials for the steamer, through the partners and agents, *Dimitry* and *Plaisent* was established by witnesses as to whose competency there was no objection; whereas, in the present case, *Dimitry* is the witness upon that fact, and a bill of exceptions was taken by the defendants to his competency, upon the ground that he had a direct interest in the event of this suit.

The case of *McIlvane* v. *Franklin*, 2 Ann. Rep. p. 622, was a case approaching this: we there held *Routh*, the partner in a plantation, to be an in-

competent witness.   In that case it is to be observed, that the sale of the goods was made to *Routh,* in *Routh's* name, and he was offered as a witness, to prove the partnership.   In the present case, the partnership is established by evidence entirely independent of *Dimitry's* testimony ; and on the face of the note, *Dimitry* and *Plaisent* do not profess to bind themselves alone, but all the owners of the steamer.

Before expressing our opinion as to the competency of *Dimitry*, it is proper to notice two cases upon which the defendants rely, and to point out the difference which exists between them and the cases before us.   In *Shiras* v. *Morris,* 8 Cowen, 60, it was held, that an agent who had borrowed money, and drawn a draft on his principal to repay the lender, cannot, upon a refusal by the drawee to accept, and a suit against him for money advanced to his use, be called to prove his liability to reimburse the plaintiff.   In that case there was nothing on the face of the bill to show that he was acting in a representative capacity ; nor was there, independently of his own testimony, anything to show that the plaintiff advanced the money on the credit of the defendant, and not upon the individual credit of the witness.   It seems to have been considered by the court, a case in which the witness' own responsibility was involved in the result of the cause, so that he would be responsible if the plaintiff failed.

In *Sage* v. *Sherman,* 25 Wendell, 430, the witness called by the plaintiff was the agent of the defendants to purchase lands.   The suit was brought on drafts drawn by the witness in his own name, and a note signed by him as agent, but not giving the names of his principals.   The relation of the witness to the defendants, was that of agent merely.   There was no partnership.   It was considered that the witness, being himself *primâ facie* liable for the debt, was called to fix this debt upon the defendants, and thus to create a new liability, by means of which he would become discharged.   For it was said by the court that if the plaintiff adopted his acts as agent, and recovered against the defendants, he could not afterwards resort to him.   It was upon this reasoning we find the court acted in *Hickling* v. *Fitch,* 1 Miles' Rep. 209.   In that case, one *Booth*, a broker, bought stock in his own name, his principal, *Fitch*, being undisclosed and unknown to the seller at the time of the transaction.   The seller sued *Fitch*, and offered the broker as a witness, but he was held incompetent, the court saying that, having bought in his own name, he was *primâ facie* liable to an action by the plaintiff; and that in such an action, a verdict against *Fitch* could be given in evidence by *Booth* to show that the plaintiff had adopted *Fitch* as the real party, and would preclude a recovery against *Booth.*

We have looked into a great many adjudged cases bearing upon the present question, and find them conflicting—either side may be defended by authorities of great respectability ; and the subject, by reason of this conflict and its own inherent difficulty, is perplexing.   In view of this uncertainty, we believe the safer course is, to sustain the competency of the witness in the present case.   In all cases of doubtful competency the attainment of truth is, we believe, more likely to be accomplished by the admission, than the exclusion, of evidence, taking care of course to make due allowance in estimating the credibility of the witnesses.   In adopting this course on the present occasion, there is one consideration suggested by a perusal of the authorities, which has impressed us very forcibly, and deserves particular notice.   It is, that a judgment against these defendants is no bar to a future action by the plaintiff against *Dimitry* for the whole debt.   It is true that, if the plaintiff can obtain satisfac-

KNIGHT
v.
LAUVE.

tion after judgment from the defendants, *Dimitry* will be discharged so far as the plaintiff is concerned. But the probability that, in consequence of the judgment, the plaintiff would seek and obtain satisfaction from the defendants rather than the witness, may be considered as not amounting to that legal certainty which may reasonably be required to justify disqualification. It is also to be observed that, if these defendants are compelled to pay, *Dimitry*, on his own evidence, is answerable to them for his contributive share ; and further, that the evidence he has given in this cause, is sufficient to enable the plaintiff to get a judgment against him for the whole debt. We are therefore of opinion; that the court below did not err in admitting *Dimitry* as a witness ; and the only point which remains to be considered with regard to his testimony, is its credibility. We find nothing in the case to cast a suspicion upon it. On the contrary, the other evidence corroborates and harmonizes with it. The case consequently stands upon the same footing as that of *McAlpin* v. *Lauve* ; and the reasons for affirmance there given, are applicable to the present case.

*Judgment affirmed.*