THE OTTUMWA, CEDAR FALLS & ST. PAUL R'Y CO. v. MC-WILLIAMS ET AL.

1. **Specific Performance:** CONTRACT TO CONVEY RIGHT OF WAY: SUFFICIENCY OF DESCRIPTION. Plaintiff had surveyed and marked by stakes two lines for its proposed railway across defendant's farm, and the road was afterwards built on one of these lines. Before the building of the road was begun, defendant agreed in writing to convey to plaintiff, by metes and bounds, for its right of way, a strip of ground not less than than fifty feet in width on each side of the center of the track of said railway, over and through the land owned by him "in sections 22 and 28, Tp. 79, R. 13, Poweshiek county, Ia." In an action for specific performance, defendant insisted that the contract was too indefinite and uncertain, as to the description of the land to be conveyed, to be enforced by an action for specific performance; and especially that the letters and figures "Tp. 79, R. 13, Poweshiek county, Ia.," did not locate the land anywhere. But *held* that this position could not be sustained,—"Tp." being universally understood to mean "township," and "R.," "range," and their location being made otherwise definite by naming the county.

2. ———: ———: INSUFFICIENT DESCRIPTION CURED. Even if the description in such case were liable to the objection made, it ought to be

regarded as cured by defendant's putting plaintiff in possession of the land intended to be conveyed.

3. ———: ———: ADEQUACY OF CONSIDERATION. Even though the land taken under said contract, which provided for the necessary width for embankments, excavations, slopes, spoil-banks and borrowing-pits, greatly exceeded in value the money consideration named in the contract, yet, since the benefits to be derived from the construction of the road were named in the contract as a part of the consideration, *held* that a specific performance could not be avoided on the ground of inadequacy of consideration.

4. ———: ———: WAY THROUGH HOMESTEAD: CONTRACT NOT SIGNED BY WIFE. Although part of the land through which defendant agreed to convey the right of way was his homestead, and his wife did not sign the contract, yet, since a right of way is but an easement, (*Chicago & S. W. R'y Co. v. Swinney*, 38 Iowa, 182,) and since the right of way in this case did not destroy the homestead or defeat its occupancy as such, *held* that the homestead character of the premises would not defeat a specific performance.

5. ———: ———: CONTRACT FOR FEE-SIMPLE: DECREE FOR RIGHT OF WAY. In such case, where the contract in one place provided for a deed in fee simple, but the whole object of the contract was to procure a right of way only, *held* that the court properly granted a decree for a right of way deed only.

*Appeal from Poweshiek District Court.*

WEDNESDAY, MARCH 9.

THIS is an action in equity, in which the plaintiff demands the specific performance of a written contract entered into by the defendant Robert McWilliams, by which he bound himself to convey to the plaintiff the right of way for a railroad over certain land owned by him. There was a decree in the district court for the plaintiff, and defendants appeal.

*Thos. A. Cheshire*, for appellants.

*Hubbard, Clarke & Dawley*, for appellee.

ROTHROCK, J.—I. The written contract upon which the action is founded is as follows:

"$120.00.

The Ottumwa, Cedar Falls & St. Paul R'y Co. v. McWilliams et al.

"In consideration of one dollar in hand paid, and a further consideration of $120.00, to be paid before work is commenced, and of the location and construction of the Ottumwa, Cedar Falls & St. Paul Railroad, and the benefits to be derived therefrom, I do hereby release to said railroad company the right of way through the land owned by me in sections 22 and 28, Tp. 79, R. 13, Poweshiek county, Ia., together with all necessary width for embankment, excavations, slopes, spoilbanks and borrowing-pits; and I, for myself, and for my heirs, executors and assigns, do hereby covenant and agree to and with said railroad company to convey, by metes and bounds, at any time the said railroad company shall call for the same, by deed in fee-simple, a strip of ground not less than fifty feet in width on each side of the center of the track of said railroad, over and through the above-described land.

*1. SPECIFIC performance: contract to convey right of way: sufficiency of description.*

"Witness my hand this twentieth day of August, 1883.

[Signed]           "ROBERT McWILLIAMS."

The defendants answered the petition by setting up a number of defenses, some of which are not necessary to be considered, for the reason that counsel for appellants, in his argument, confines himself to three grounds upon which he demands a reversal of the decree of the district court.

The first ground is that the contract is too indefinite and uncertain to be enforced by an action for specific performance. It is true, the agreement does not describe the land to be conveyed by metes and bounds. But the evidence shows that the railroad was not constructed when the contract was entered into. The construction of the road had not then been commenced, but the plaintiff had surveyed two lines across the defendants' land, and staked out the center of the lines so surveyed. These lines were nearly over the same ground, being not more than fifteen or twenty feet apart. The road was afterwards constructed over the land upon one of these lines. It became necessary to make a cut for part of the way through defendant's land, and at

that point the plaintiff appropriated more than one hundred feet in width. It was doubtless to provide for this very contingency that the contract was not made definite in this respect. Contracts are to be construed in the light of the facts surrounding the transaction, and known to the parties. The defendants knew, by the surveys and stakes, where the road was to be constructed; and, not knowing the exact width required, they contracted for so much as would be necessary for a right of way.

We do not understand, however, that counsel makes a specific claim that the contract was too uncertain in the description of the quantity of lands by metes and bounds. His contention, in the main, is that the description of the land owned by defendants, and through which the road was constructed, was too indefinite and uncertain, as to section, township and range, to authorize a decree for specific performance. He claims that the description, " sections 22 and 28, Tp. 79, R. 13, Poweshiek county, Iowa," does not describe any land, because " *Tp*. 79, *R*. 13," does not locate the land anywhere. It appears to us that there is no uncertainty or indefiniteness in these contractions of words. They are in almost universal use in this state in describing lands, and everybody understands that they mean " township " and " range." It is true, the contract does not state whether the range is east or west, but that was wholly unnecessary, as the land was described as in Poweshiek county, and the courts of this state take judicial notice that all the land in that county is in range west. Besides, the land is described as owned by the defendant Robert McWilliams, and the plaintiff took possession of the very land described and intended by the parties as the right of way for the railroad. It appears to us that, if we were to hold this description to be too vague, indefinite and uncertain to authorize a decree for specific performance, we would be without the support of any adjudged case. On the other hand, there are many cases where descriptions of land, even more vague than this

one, have been sustained.   See *Pursley v. Hayes*, 22 Iowa, 11 ; *Beal v. Blair*, 33 Id., 318 ; *Barlow v. Chicago, R. I. & P. R'y Co.*, 29 Id., 276 ; *Spangler v. Danforth*, 65 Ill., 153 ; *Mead v. Parker*, 115 Mass., 413 ; *Hurley v. Brown*, 98 Id., 545.

But, even if the description of the land in the case at bar should be thought liable to the objection under consideration,

2. ——: ——: insufficient description cured. the defective description ought to be regarded as cured by the fact that the defendant put the plaintiff in possession of the land intended to be conveyed.

II.   Next it is urged that the consideration named in the contract is so inadequate that to compel a specific perform-

3. ——: ——: adequacy of consideration. ance would be inequitable and unconscionable. It is true, the evidence shows that the number of acres taken and appropriated by the plaintiff far exceed in value the sum agreed to be paid.   But the defendant thought, when he made his contract, that " the location and construction of the road, and the benefits to be derived therefrom," would be of value to him, and these facts are recited in the contract as part of the consideration; and the record shows that he now has a. railroad station within two miles of of his home, and that, before the plaintiff's railroad was constructed, the nearest station was nine miles and a half away. It is notorious that many of the railroads in this state· were constructed, in part, at least, by donations of right of way and money by subscription, as well as by taxation.   There is nothing in the facts of this case to cause a court of equity to hesitate to decree a specific performance, as that the contract is inequitable, unconscionable, or founded in fraud.

III.   One forty acre tract through which the railroad is constructed is the homestead of the defendants.   The defend-

4. ——: ——: way through homestead: contract not signed by wife. ant Margaret McWilliams did not sign the contract.   She is the wife of Robert McWilliams, and she claims that the contract is void because it is an obligation to convey a part of the homestead in fee-simple, and she did not concur in or sign the con-

tract. It is provided by section 1990 of the Code that a conveyance or incumbrance of the homestead is of no validity, unless the husband and wife concur in and sign the same joint instrument. But it was held in the case of *Chicago, & S. W. R'y Co. v. Swinney,* 38 Iowa, 182, that the husband can convey a right of way over the homestead without the concurrence and signature of his wife to the deed, when such conveyance will not defeat the substantial enjoyment of the homestead as such. It is insisted, however, that in the case at bar the substantial enjoyment of the homestead is defeated because the railroad is in a deep cut, through the homestead forty acres, and is so near to the dwelling house as to be a great annoyance and damage, and the land actually taken by plaintiff is greatly in excess of 100 feet in width; and other inconveniences and damages are enumerated as resulting from the construction and operation of the road. In the cited case it is said that " the right of way is but an easement, and does not pass the title;" and that, " if the homestead was a single lot, and the right of way occupied it all, so as to destroy the homestead, or defeat its occupancy, the case would be very different." In the case at bar, the defendants still occupy and possess their homestead. It is true, their home would perhaps be more desirable if the railroad had been built further away from the house. The edge of the railroad cut is about 95 feet, and the track about 144 feet, from the dwelling house. It ought not to be claimed that this is either a destruction of the homestead, or defeats its occupancy as such.

The contract recites that the land to be conveyed is for a right of way for a railroad. It also provides that the right of way is to be conveyed by deed in fee-simple. The learned judge before whom the case was tried granted a decree for a right of way deed, and not a deed in fee-simple. This appears to be in accord with the case of *Barlow v. Chicago, R. I. & P. R'y Co., supra.* The purposes for which the land was to be used, and

5. —— : —— : contract for fee-simple: decree for right of way.

the object of the plaintiff in securing the contract, was to procure a right of way, and not a fee-simple title to the land.

The decree of the court below is

AFFIRMED.