C. K. FORD, Appellee, v. R. HOLT EASLEY & COMPANY *et al.*, Appellants.

1. **Real Estate Brokers**: RIGHT TO COMMISSION. Where a real estate agent is employed and authorized to sell land at a certain price and on certain terms, but not to execute a deed therefor, and he is to have all that he obtains above the price named as his commission, he is entitled to such commission when he has found a customer who is able and willing to take the land at more than such price, and upon the terms named, although the sale is defeated by the owner's sale of the property to another.

2. **Practice**: MISCONDUCT OF ATTORNEY: APPEAL. The alleged improper remarks of an attorney to the jury can not be considered in this court unless they are preserved by bill of exceptions, and made a part of the record.

88   603
94   320
88   603
97   387
98   407
99   547
88   603
111   604
88   603
115   709
88   603
116   347
88   603
120   382
122   664
88   603
124   63
88   603
f130  537

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, MAY 26, 1893.

ACTION to recover an amount alleged to be due the plaintiff as compensation for effecting a sale of real estate which was owned by the defendants. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Kean & Sherman,* for appellants.

*T. F. Bevington,* for appellee.

ROBINSON, C. J.—In April, 1890, the defendants owned a part of two lots in Sioux City, having a front of twenty-one and three-sevenths feet, on which there was a mortgage to secure an indebtedness of four thousand, eight hundred dollars. One-half of that amount was due on the seventeenth day of the next month. They authorized the plaintiff to sell the property for four hundred dollars per front foot, the purchaser to assume two thousand, four hundred dollars of the mortgage debt, and pay three thousand dollars in cash, and the remainder in one and two years. The plaintiff was to receive, for his services in effecting the sale, whatever he should obtain in excess of four hundred dollars per front foot. He claims that on the nineteenth day of May, 1890, he effected a sale, on the terms of payment he was authorized to make, for the price of four hundred and twenty-five dollars per front foot, and seeks to recover as commission on the sale the sum of five hundred and thirty-five dollars and seventy-one cents.

The defendants claim that the plaintiff was authorized to sell the property for the purpose of providing funds with which to meet the part of the mortgage debt which matured on the seventeenth day of

May; that his power to make a sale terminated on that day, and, when it was at an end, the defendant R. Holt Easley purchased the property for his wife, to whom a deed conveying it was delivered on the twenty-fourth day of May; that, before plaintiff had made a sale of the property, he was informed that it had been sold.

In reply the plaintiff states that, after the seventeenth day of May, and before the property was sold to Mrs. Easley, the defendants were informed that the plaintiff was about to make a sale, and directed him to complete it if possible, and that, after being so directed, he made the sale as alleged. The jury found that plaintiff is entitled to the compensation claimed, and judgment was rendered for that amount.

I. The appellant claims, by means of various assignments of error and the argument based thereon,

1. REAL estate brokers: right to commission. that the authority given to the plaintiff, as shown by the pleadings and evidence, was to effect a sale of the premises in controversy, but that the evidence showed that the most he did was to find a person who was ready and willing to make the purchase on the terms given; and that the court, in its charge, authorized the jury to find for the plaintiff if the arrangement made was that he was to receive a commission if he found a purchaser, and if the evidence showed that he found one. It is true, the pleadings allege that the plaintiff was authorized to sell the property on the terms given, and that he was to receive as commission whatever sum he might obtain in addition to four hundred dollars per front foot, and that he was entitled to the amount claimed as commission for selling the property; but it is clear that no power was given him to execute a conveyance of it, and that what the parties contemplated by the arrangement made between them was that plaintiff should obtain a purchaser for the property for

the price and on the terms given him, and that the
conveyance should be made by the defendants. It was
said in *Blodgett v. Sioux City & St. P. R'y Co.*, 63 Iowa,
609, that "there is no doubt that an agent or broker
who is employed to sell property at a designated price,
and on stated terms, is entitled to his commission when
he has found a customer who is able and willing to take
the property at that price and on those terms, whether
the sale is consummated or not." In this case,
when the plaintiff found a person who agreed to take the
property on the terms given, and was able and ready to
carry out the agreement, he had done all he was
authorized to do to effect a sale, and was entitled to the
agreed compensation for his services. The evidence
shows that the plaintiff did procure a purchaser who
agreed to pay four hundred and twenty-five dollars per
front foot for the lot on the terms fixed by the defend-
ant. That he was ready and willing to complete the
purchase is shown, and not questioned. There is some
conflict in the evidence in regard to an extension of the
time within which the plaintiff had the right to effect
a sale, but the jury were authorized to find that the
time had been extended, and that what the plaintiff
did was within the scope of his employment.

II. The appellants complain of the refusal of the
court to grant a new trial on account of alleged mis-

2. PRACTICE: mis- conduct on the part of an attorney for the
conduct of plaintiff in making the closing argument
attorney:
appeal. to the jury. The remarks to which objec-
tion is made are shown only by the affidavit of one of
the defendants. We have held that matters of that
kind can not be made a part of the record by an affi-
davit, but that they should be preserved in a bill of
exceptions. *Rayburn v. Central Iowa R'y Co.*, 74 Iowa,
641. Therefore we can not decide the objections made.

What we have said disposes of the controlling
questions in the case. The judgment of the district
court is AFFIRMED.