AULONG BROWN, Appellant, v. C. L. WARD.

**Land Contract: DEFECTIVE DESCRIPTION: *Possession.* Failure of the description of a land contract to state the county in which the land was located was cured by plaintiff's going into possession.**

**PAROL IDENTIFICATION: *Specific performance.* Where property was contracted to be sold as a one-half interest in Linn Grove Mills, and the land thereunto belonging, parol evidence was admissible, in an action [for specific performance, to identify the tract by showing what land was used with the mills.**

**UNSIGNED RECEIPT: *Contract made by.* Where defendant gave a receipt for money in part payment of land, which stated the agreed price, and that the balance was to be paid in four equal installments, which plaintiff accepted, she was entitled to specific performance of the contract on payment of the balance, though such receipt was not signed by her, since defendant's obligation to convey sufficiently appeared therefrom.**

**Specific Performance: LACHES. The fact that plaintiff brought her action for the specific performance of an agreement to convey land eight years after the making of the contract did not bar her action for specific performance, where she had made a substantial payment on the property, and had frequently demanded a deed, which defendant excused, stating that the contract was as good as a deed, and that he desired to hold title in order to preserve apparent financial credit, and never made a demand for the payment of the installments due, and gave no notice of his intention to claim the forfeiture; since time was not the essence of the contract.**

**INABILITY TO PERFORM. The fact that defendant had sold a part of the property which he had contracted to convey to plaintiff, and leased another part, did not preclude plaintiff from obtaining specific performance, since defendant could not object that he was unable to perform the entire contract, if plaintiff was willing to accept such rights as she might obtain under the conveyance.**

**PAROL CONTRACT: *Rents as deduction from purchase price installments.* Where plaintiff purchased land, including a one-half**

interest in a mill, paying part of the consideration in cash, and agreeing to pay the balance in installments, and it was orally agreed that she should be entitled to one-half of the rent of the mill, she was entitled to her share of such rent, in a subsequent suit for specific performance, as deduction from the balance due under the contract.

UNPAID BALANCE: *Willingness to pay*. Where plaintiff alleged, in a suit for specific performance of a contract to convey land, that a certain balance was due defendant, the fact that a larger sum was found to be due at the trial, did not preclude her from obtaining specific performance, she having expressed a willingness to pay the sum found to be due.

**Appeal:** PARTY NOT APPEALING: *Review*. Where plaintiff does not appeal from an equity decree in her favor, in an action for specific performance, findings on appeal cannot be more favorable to her than the decree.

'Appeal from Buena Vista District Court.—HON. LOT THOMAS, Judge.

SATURDAY, DECEMBER 16, 1899.

ACTION in equity for an accounting and for specific performance of a contract to convey real estate. From a decree in plaintiff's favor, defendant appeals.—*Affirmed*.

*Irwin & Faville* for appellant.

*Carr & Parker* and *F. H. Helsell* for appellee.

WATERMAN, J.—The contract upon which plaintiff's case is founded is as follows: "Received of Aulong Brown the sum of three thousand dollars ($3,000.00) to apply in part payment on the southwest quarter of southwest quarter of section No. 5, 93, 37, together with one-half interest in the Linn Grove Mills and the land thereunto belonging, reserving the right to maintain the milldam on the land first described. The agreed price of said property is the sum of fifty-nine hundred dollars, part of the balance, to-wit, $1,200, to be paid December 1st, 1888, and the balance in four equal payments. Dated June 21st, 1888. C. L. Ward."

A number of objections, both of fact and law, are urged against this contract. While defendant admits having signed it, he denies that it was ever delivered to plaintiff or had any binding force. On this point we have only to say that the finding of the trial court that the writing was delivered has sufficient support in the testimony.

Next, it is said that the agreement cannot be specifically enforced, because the description of the property is not sufficiently definite,—because plaintiff does not sign it, and it does not obligate defendant to make a conveyance. Defendant paid, on the execution of the agreement, the sum of three thousand dollars in cash. We may say that this fact appears to us as established. So far as the forty-acre tract is concerned, the defect in the description, no county being named or indicated, was cured by plaintiff going into possession. *Railway Co. v. McWilliams,* 71 Iowa, 164. And this case also supports the theory that parol evidence was admissible to identify the other tract by showing what land was used with the mills. See, also, *Combs v. Scott,* 76 *Wis.* 662 (45 N. W. Rep. 532); *Ballou v. Sherwood,* 32 Neb. 666 (49 N. W. Rep. 790). The fact that the contract was partly executed by plaintiff's making a large payment thereon should have weight in a matter of this kind.

Plaintiff's signature was not essential, if she accepted the contract, and this she did. We are clearly of opinion, too, that defendant's obligation to convey, upon full performance by plaintiff, sufficiently appears.

Furthermore, plaintiff's laches is set up as a defense. This action was begun in 1896, eight years after the making of the contract, and long after the time fixed for making payments by plaintiff. Time is not made of the essence of this contract. Equity abhors a forfeiture. The court will not determine, as matter of law, what time will bar a plaintiff's action, where the contract does not make time material. Each case must be determined

upon its own peculiar circumstances. *Laverty v. Hall's Adm'x*, 19 Iowa, 526. Turning to the facts here, we find, as already stated, that plaintiff made a substantial cash payment on the property. During the time since the contract was made she has frequently demanded a deed. This demand defendant excused himself from complying with, stating that the contract was as good as a deed, and that he desired to hold title in order to preserve an apparent financial standing. He never, at any time, made a demand for payment of the installments due, and gave no notice, at any time, of his intention to claim a forfeiture. Under the circumstances, we are not inclined to hold that plaintiff's rights are lost by her delay.

II. Plaintiff claims to have made all the payments due under the contract, save a balance of one hundred and sixty-three dollars and seventy-two cents, which it is averred she is ready and willing to pay. These payments, it is contended, were made as follows: Something over one thousand six hundred and fifty dollars in money and live stock at different times; one thousand dollars at least, being plaintiff's share of rent received by defendant from the mill property; three hundred and seven dollars and fifty cents, moneys received by defendant from lots sold by him out of the forty-acre tract; and thirty-six dollars for rent of three acres of said tract used by plaintiff. This would make in all paid by plaintiff about three thousand dollars, in addition to the first cash payment; but the trial court found that she had paid but one thousand six hundred and thirty-eight dollars and seven cents on the deferred amount. She does not appeal, and our finding can be in no event more favorable to her than that of the district court. As we understand the record, the district court disallowed all payments claimed of money and live stock, and made up the credit it awarded from the other items. Whether we are right in this assumption or not is immaterial. We do not find sufficient support in the evidence for the claimed credits

making up the first-named amount. Under the facts, if plaintiff has paid anything, since its date, on this contract, we must find it in the rent received from the mill, the rent owing for the three acres, and the money received for lots sold. At the outset of our inquiry on this branch of the case, we are met with the legal objection interposed by defendant that, under this contract, plaintiff was not entitled to possession of the mill property, and therefore had no right to a share of the rents. It is true that, even where part of the purchase price is paid under a contract of this kind, if nothing contrary is said in the agreement, the vendor will be entitled to hold possession until the whole price is paid. *Holmes v. Schofield,* 29 Am. Dec. 364. But it appears here that, by a subsequent oral agreement, she was to have a share of the rents. The facts and circumstances tend to establish this. The rent, as appears, was two hundred and fifty dollars per year. For eight years this would be $2,000, of which plaintiff would be entitled to one-half. For the lots sold, strictly speaking, plaintiff should not have credit, but would be entitled to a diminution of the purchase price. *Zebley v. Sears,* 38 Iowa, 507. This, however, is matter of form, rather than substance. The amount received by defendant for the lots is not in dispute, and was properly considered and allowed by the trial court. The rent due for the three acres used by defendant is shown by the testimony to amount to thirty-six dollars. We have not attempted an exact calculation, including interest; for appellant admits the trial court made up the payments allowed from the items we have given, and the correctness of the amount found is not questioned.

III. Another objection made to plaintiff's claim is that, because lots have been sold out of the forty-acre tract and a lease for years made of the mill, equity will not now enforce the contract against defendant. Where performance of a contract has been rendered wholly impossible, the vendee has no standing in a court of

equity, but must proceed at law for damages; but where, as here, partial performance may be made by the vendor, the vendee may enforce it, if he is willing to accept what can be conveyed. *Wetherell v. Brobst,* 23 Iowa, 586. Of course, plaintiff takes title subject to the lease and to the claims of the purchasers of lots. This, we understand, is provided for in the decree below. Again, it is said plaintiff has never tendered and does not now tender the amount due on the contract. While it is true that plaintiff in her petition asserts the balance due to be but one hundred and sixty-three dollars and seventy-two cents, and avers a readiness to pay it, we think she should not be prejudiced by this fact. She shows a willingness to pay the balance due, and this is all that is required. *Laverty v. Hall's Adm'x, supra.*

IV. Some claim is made by defendant that, if an accounting is to be had, he should be allowed for taxes paid, for lumber furnished for a house built on the land, and for some other items. As to taxes, the testimony shows that some, if not all, of plaintiff's share was paid by her husband in labor. If the whole was not so paid, we are not able, from the record, to ascertain the amount that should be allowed. The lumber in the house seems to have been paid for by plaintiff's husband. The other matters, we think, were properly disallowed. While there is much conflict in the evidence, and we have reached some of our conclusions of fact with hesitation, we are confident that we should have greater doubts of its correctness were we to make any other finding.—Affirmed.

Granger, J., not sitting.