F. T. SMITH, Appellant, v. H. A. EELLS et al., Appellees.

**BROKERS: Nature of Contract—Option to Purchase (?) or Contract of Agency (?)** A so-called "option," wherein the owner of property agrees "to sell" for a stated price and on stated terms, with right in the so-called optionee to have as commission all sums in excess of said stated sum, is not an *option to purchase*, but a *contract for sale* by a broker for a commission.

**VENDOR AND PURCHASER: Rescission—Vendor's Duty to Return Payment Though Paid to Agent as Commission.** An agreement be-

tween a vendor and a purchaser to rescind an executed sale implies an agreement on the part of the vendor to return all of the consideration, even though a part thereof has been paid to vendor's agent as commission, and the agent declines to surrender it.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

SEPTEMBER 30, 1921.

ACTION at law to recover an amount alleged to be due plaintiff upon the rescission of a contract for the purchase of land. The facts are stated in the opinion. From a judgment in favor of defendants, the plaintiff appeals.—*Reversed.*

*Kass Bros.,* for appellant.

*Free, Goltz & Pickus* and *John F. Stecker,* for appellees.

WEAVER, J.—The claim of plaintiff is that, in February, 1918, he entered into a contract with defendant Kingsbury for the purchase of a tract of land on which he made certain cash payments, and delivered to said Kingsbury or his agent, Eells, the promissory note of one Ford; and that thereafter, by agreement of the parties, the contract of purchase was rescinded, entitling plaintiff to a return of the payments made and a redelivery to him of the Ford promissory note. He further alleges that, in pursuance of such rescission, Kingsbury did return to him the cash consideration paid for the land, except a small sum of about $7.00, but did not return, nor has he since returned, the Ford note and the mortgage securing its payments.

The defendant Eells, answering separately, denies the petition, and by way of cross-petition alleges that, at the time mentioned, he was engaged in the business of selling real estate upon commission, and sold the land of Kingsbury to the plaintiff, Smith; that said sale was evidenced by written contract between Kingsbury and Smith, and for his services in that behalf and by agreement with Kingsbury, he (Eells) received the sum of $1,200, which sum, as we understand the record, was made of a cash payment of $7.00 and a delivery to Eells of the Ford promissory note and mortgage, computed at $1,193. The cross-

petitioner further alleges, on information and belief, that in May, after the date of the contract of sale in February, 1918, plaintiff, Smith, and defendant Kingsbury, by mutual agreement, but without the knowledge of cross-petitioner, and with intent to defraud him of the commission earned in negotiating such sale, mutually agreed to rescind and annul their contract of sale; but that he (Eells) had no part in such agreement for rescission, and is in no manner bound thereby. The cross-petitioner therefore asks that he be adjudged to be the owner of the note and mortgage, and that plaintiff's claim against him be dismissed.

The defendant Kingsbury, answering separately, denies the petition, except as admitted. He admits that plaintiff delivered the note and mortgage to Eells, but denies that, in receiving such payment, Eells was acting as his agent. He alleges that, instead of selling his land to plaintiff, he in fact sold to Eells, and that later Eells sold it to plaintiff, and that thereafter, at the request of Eells, he (Kingsbury) entered into a written contract for a sale direct from himself to the plaintiff, and that, pursuant to said contract, plaintiff paid direct to Kingsbury the sum of $800 in money, and gave him his promissory note for $1,000. The answer of this defendant also alleges the agreed rescission of said contract, and avers that he (Kingsbury) did return to plaintiff the cash payment of $800 and the $1,000 note.

On these issues, the cause was tried to the court, which found for the cross-petitioner Eells, that he is the owner of the Ford note and mortgage and is entitled to retain the same as his own property, together with the cash payment of about $7.00 received by him. The court also found that plaintiff was entitled to recover nothing from the defendant Kingsbury. The plaintiff appeals.

I.  It is conceded that, as between the plaintiff, Smith, and the defendant Kingsbury, the contract of sale was rescinded, and, this being the case, it was the plaintiff's right to demand from the seller a return or repayment of all that the latter had received of the consideration for the rescinded contract. It is conceded, also, that he did return all of such consideration except the amount of $1,200 (in money and the Ford note), which

1. BROKERS: nature of contract: option to purchase (?) or contract of agency (?)

was in the hands of Eells. Whether he is to be relieved of any obligation to return this $1,200 depends in some degree upon the real relation existing between him and Eells and the plaintiff.

Counsel for Kingsbury contends, as he logically must, that Eells was not the agent of Kingsbury, but was himself a purchaser from him, and that the sale to plaintiff was by Eells as of his own property; and apparently the trial court adopted this theory. For reasons hereinafter more particularly stated, we think the record does not sustain such finding.

II. Stating his own defense and claim in his answer and cross-petition, Eells does not allege or pretend that he was acting otherwise than as Kingsbury's agent. He expressly alleges that he was in the business of "selling real estate upon commission;" that Kingsbury "was the owner" of the land; that he (Eells) sold this land to plaintiff; and that, "by agreement between him (Eells) and Kingsbury," he (Eells) "was to receive and did receive in full compensation for the sale of said premises to Smith the sum of $1,200." This is the case Eells made on paper; it is so alleged in the pleading on which he went to trial; and its correctness in this respect is borne out very clearly by many other admitted circumstances. It is true, he wobbles somewhat on the witness stand, and swears that, while he had this land on his list, and after he had interested the plaintiff in its proposed purchase, he took an "option" on the land for himself, and then effected a sale to plaintiff, which he carried out by having Kingsbury figure as the seller, in executing the written contract. This alleged "option" was reduced to writing, as follows:

"February 8, 1918.

"I hereby agree with H. A. Eells to sell my farm near Sargents Bluff—the numbers of which are Lot 1 of the N one half of Sec. 24, Twp. 88, R. 48 for the sum of $13,000.00 net to me. The payments to be made as follows: $1,800.00 cash March 1st, 1918, and $500 per year and 6 per cent interest each succeeding year until balance is paid.

"This agreement holds good until Tuesday night 6 o'clock February 12th. I will enter into contract on the above and all over the above $13,000.00 is to go to H. A. Eells *as commission.*

"Receipt hereby acknowledged of $200.00 for above option. $200.00 to be deducted if sale is made.

"W. H. Kingsbury.

"When one half is paid W. H. Kingsbury will give deed and clear abstract."

As will readily be seen, this is not an "option" at all. It is written authority to Eells to sell the land for Kingsbury on the prescribed terms, and fixing the commission the latter was to receive if such a sale was accomplished. It only confirms the agency alleged in the cross-petition. The agency of Eells is too clearly established to be open to reasonable doubt.

III.   But, the agency of Eells having been found, it does not necessarily follow that plaintiff may, in this action, compel such agent to return the commission he received on the contract of sale. Kingsbury having authorized his agent to make a sale, and having undertaken to pay a stated commission therefor, such commission was earned when the agent produced a purchaser who was accepted by the owner, and a binding contract entered into between the parties. When that was done, and the seller had paid the promised commission, the right of the agent to retain it could not be defeated by the subsequent agreement of the seller and buyer to abandon and rescind their contract. It is nowhere claimed or shown that Eells had any part in the rescission of the contract, or in any manner consented thereto. Under such circumstances, if the seller agrees to a rescission, the burden is upon him, and not upon his agent, to restore the consideration received; and this duty is in no manner modified or lessened if the agent has retained his proper commission out of a payment made by the buyer upon the purchase price. Parties may, of course, rescind a contract upon any terms or conditions to which they mutually agree; but, where a rescission is agreed upon without express or implied consent to waive the resultant obligation to restore the *status quo* of the parties, the right to insist upon such restoration will ordinarily be recognized and enforced. In this case, it is alleged in pleading by each of the parties that, in May, 1918, the plaintiff and Kingsbury did mutually agree to "cancel, abandon, and re-

2. VENDOR AND PURCHASER: rescission: vendor's duty to return payment though paid to agent as commission.

scind;'' but neither appellant nor appellee alleges any fact tending. to limit or restrict the ordinary legal effect of a voluntary rescission. It follows, of apparent necessity, that the conclusion of the trial court absolving the defendant Kingsbury from any duty to make full restitution to the plaintiff cannot be sustained. The judgment appealed from is reversed, and cause remanded for further proceedings in harmony with the views herein expressed.—*Reversed*.

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.