NOBLE MERSHON et al., Appellants, v. CONSOLIDATED SCHOOL DISTRICT OF OLIN et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Meetings—Special Meeting on Oral Notice. A special meeting of the board of directors of a school corporation is legally called on oral notice to the directors by the secretary, at the direction of the president.

**SCHOOLS AND SCHOOL DISTRICTS:** Bonds—Legal Sufficiency of Petition. The determination by the board of directors of the legal sufficiency of a petition as regards the signatures thereon is sufficient, even though the statute does not require the board to keep on file a record of the electors of the district.

**APPEAL AND ERROR:** Dismissal—Motion by Non-party. A motion to dismiss an appeal or to set aside the submission thereof will be overruled when made by plaintiffs in a different but similar action, on the ground that the two actions were consolidated, and that no notice of the appeal was served on said plaintiffs, the record revealing that the two actions were consolidated only to the extent of hearing both causes at the same time and on the same evidence.

Headnote 1: 35 Cyc. pp. 871, 874.   Headnote 2: 35 Cyc. p. 992. Headnote 3: 4 C. J. p. 592.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

SEPTEMBER 20, 1927.

Suit to enjoin the issuance of schoolhouse bonds. Decree for defendants. Plaintiffs appeal.—*Affirmed.*

*B. E. Rhinehart,* for appellants.

*James E. Remley* and *Trewin, Simmons & Trewin,* for appellees.

MORLING, J.—I. The electors of defendant Consolidated School District voted to issue schoolhouse bonds. The plaintiffs contend that the election was illegal because the special

1. SCHOOLS AND SCHOOL DISTRICTS: meetings: special meeting on oral notice.

meeting of the board of directors at which the election was called was attended by only four of the five directors, and that written notice was required to be, but was not, given to the fifth member. The evidence shows that oral notice to him was given. It is not claimed that, if such notice had been in writing, instead of oral, it would have been insufficient. The point here is merely that written notice was required, under Sections 4221 and 4355, Code of 1924. The point is ruled adversely to plaintiffs' contention in *Gallagher v. School Township*, 173 Iowa 610; *Independent Sch. Dist. v. Gwinn*, 178 Iowa 145. See, also, *Rafferty v. Town Council*, 180 Iowa 1391. It is urged further that the notice was insufficient because given by the secretary, and not by the president of the board. The evidence is that the president directed the secretary to give notice of the meeting. Section 4355 reads:

"The president * * * shall * * * call a meeting of the board which shall call such election * * *"

The point is without merit.

II. Plaintiff's further contention is that, in order to give the board jurisdiction to call the election, they must determine that the petition was signed by the requisite number of electors,

2. SCHOOLS AND SCHOOL DISTRICTS: bonds: legal sufficiency of petition.

and they did not do this. The corrected minutes of the meeting of the board recited that the board examined and considered the petition, "and found the same to be legal and sufficient in all respects and to bear the requisite number of signatures as provided by law." The correctness of the minutes is not assailed. It is said that the board had no record from which they could make such a determination. There is no requirement that they keep or base their finding upon any record of the electors of the district. There is no merit in this contention.

III. Plaintiffs say that the proposition submitted to the electors did not comply with Section 4356, Code of 1924, but do not argue the point. This is also without merit. *Gallagher v. School Township*, 173 Iowa 610.

IV. The plaintiffs in another action (not parties to this), brought for the same purpose, have filed in this appeal motion to dismiss or to set aside the submission because of the con-

3. APPEAL AND
ERROR: dismissal: motion by non-party.

solidation of the two actions and the failure of the plaintiffs in the present action to give notice of the appeal to the plaintiffs in that action. No fraud or collusion is claimed. The so-called consolidation was merely a hearing of both cases at the same time, on the same evidence. The movants were not made parties to this action, nor were the plaintiffs here made parties there. The movants were given until June 20, 1927, to file additional abstracts and arguments herein. They have failed to take advantage of this privilege. The motion is overruled.—*Affirmed*.

EVANS, C. J., and DE GRAFF, ALBERT, and KINDIG, JJ., concur.