ELMER DUCOMMUN, appellee, v. DAISY JOHNSON et al., appellants.

## No. 50365.

(Reported in 110 N.W.2d 271)

August 15, 1961.

Burt & Prichard, of Emmetsburg, for appellants.

Donald G. Beneke, of Laurens, and James W. Hudson, of Pocahontas, for appellee.

PETERSON, J.—This is an action for collection of a real-estate commission. Plaintiff is a licensed real-estate broker and auctioneer at Laurens in Pocahontas County. Fred Rouse died leaving ten children, who inherited his property in equal shares. Defendants are two of the children. At his death he was the owner of a farm of 160 acres in Palo Alto County.

The children all desired to sell the farm, and authorized the two defendants, as their agents, to enter into a written agreement with plaintiff to sell the farm at public auction. The contract provided the farm should not be sold for less than $350 per acre, and contained an agreement as to plaintiff's commission in event of sale.

The sale date was set for September 6, 1957. After some bidding, the best bid received was $340 per acre. All the heirs were present except Hazel Ferguson, who lived in Illinois. Plaintiff called the nine heirs together, and informed them he had a buyer who would pay $345 per acre, if they would accept that price. They agreed to accept that price, but said it would be subject to the approval of their sister Hazel.

Plaintiff secured the buyer, named George Siddall. A written contract was prepared and signed by Mr. Siddall and the nine heirs present. The purchaser made a down payment of $8000, the balance to be paid when the deal was closed.

In addition to the written contract of sale, a verbal contract was made between defendants, representing all the heirs, that in connection with the Siddall transaction plaintiff should receive a commission of $1140.

Immediately after September 6 the contract of sale was mailed to Hazel by defendants, for her approval or disapproval.

Nothing was heard from her for nearly thirty days, when plaintiff discovered that defendant Wallace Rouse and Hazel Ferguson, his sister, had purchased the shares of the other heirs on the basis of a total sale price of $54,200, which was $1000 less than the price offered by Siddall under his contract.

Defendants refused to pay plaintiff any commission. He sued them, and defendants filed a motion to dismiss. Daisy Johnson also filed separate motion to dismiss. The trial court overruled both motions.

Order granting permission to appeal from interlocutory order, in accordance with R. C. P. 332 was made March 23, 1961. Notice of appeal was duly filed by defendants.

Appellants' contention is that the court erred in overruling the two motions to dismiss.

I. As to the general motion on behalf of both defendants the question is whether plaintiff has made sufficient allegations of fact so that he is entitled to a trial on the merits.

Appellee states in his brief and argument: "Appellee contends that this entire appeal turns on the question of whether Hazel Ferguson accepted the Siddall offer. The commission arrangement with appellee Ducommun was conditioned upon Hazel Ferguson's acceptance of the Siddall offer. * * * acceptance of Siddall's offer by Ferguson meant that she would be entering into a 'package' deal—a sale to Siddall and a commission contract with Ducommun."

It is appellee's general position that in order to effect a release of the Siddall contract of purchase it was necessary for Mrs. Ferguson to approve the contract, either in so many words or by her actions. If she approved the contract, she automatically accepted with it the verbal commission agreement entered into as a part of the Siddall transaction.

It is appellants' position that no specific written approval was made by Mrs. Ferguson; that plaintiff did not so allege, and consequently dismissal of his petition was imperative.

We cannot on this appeal decide the merits of the case. Whether appellee can offer proof that will, on the basis of the facts, carry his preponderance of the evidence, and also decide

the legal implications therefrom, can only be determined by trial of the case.

All we can determine at this time is, whether on the basis of his petition appellee is entitled to his day in court. The trial court held he was, and we agree.

Some observations with reference to general principles as between a landowner and an agent, in connection with sale of property, are pertinent. Smith v. Eells, 191 Iowa 1307, 184 N.W. 385, held that the right of the agent to a commission was not defeated by the subsequent agreement of the buyer and seller to abandon their contract.

At least three different methods of earning a commission under an agency contract for sale of real estate are effective: First, by effecting a binding contract of sale under authority given to the agent to make such a contract for the principal; second, by producing a purchaser to whom a sale is in fact made; third, by producing a purchaser ready, willing and able to buy on terms specified in the agency agreement. Iselin v. Griffith, 62 Iowa 668, 18 N.W. 302; Cassady v. Seeley, 69 Iowa 509, 29 N.W. 432; Ford v. Easley, 88 Iowa 603, 55 N.W. 336; Johnson Bros. v. Wright, 124 Iowa 61, 99 N.W. 103; McDermott v. Mahoney, 139 Iowa 292, 115 N.W. 32, 36, 116 N.W. 788; Beamer v. Stuber, 164 Iowa 309, 145 N.W. 936; Underwood v. Duskin & Stewart Realty Co., 17 Ala. App. 543, 85 So. 845; Annotations, 51 A. L. R. 1392, 1405.

If in the trial of the case appellee can prevail as to the facts, and the legal questions involved, he would be entitled to his commission under the second provision.

Considering appellee's position as to Mrs. Ferguson's approval of the contract, it is possible that she could have accepted the Siddall contract by acts and circumstances, without her signature actually appearing on the contract. Dows v. Morse, 62 Iowa 231, 17 N.W. 495; Ottumwa, C. F. & St. P. Ry. Co. v. McWilliams, 71 Iowa 164, 32 N.W. 315; Combs v. Scott, 76 Wis. 662, 45 N.W. 532; Ballou v. Sherwood, 32 Neb. 666, 49 N.W. 790, 50 N.W. 1131; Horn v. Hansen, 56 Minn. 43, 57 N.W. 315, 22 L. R. A. 617; Bigler v. Baker,

40 Neb. 325, 58 N.W. 1026, 24 L. R. A. 255; Brown v. Ward, 110 Iowa 123, 81 N.W. 247; Gough v. Loomis, 123 Iowa 642, 99 N.W. 295; Knox v. McMurray, 159 Iowa 171, 140 N.W. 652.

A contract of an agent may be ratified by accepting its benefits. Miller v. Chatsworth Savings Bank, 203 Iowa 411, 414, 212 N.W. 722, 724; Restatement of Law, Agency, section 94; Dows v. Morse, Horn v. Hansen and Bigler v. Baker, all supra.

In Miller v. Chatsworth, supra, we said: "It would be impossible to enumerate all the various kinds of acts which may manifest affirmance. It may be manifested by written or spoken word, or from the acts or conduct of the principal, indicating his approval, or it may be inferred from the known circumstances and his acts in relation thereto."

II. Since appellee has narrowed the issue, primarily at least, to the one point, we will give only limited attention to two other issues argued by the respective parties.

Plaintiff alleges in her petition that Hazel Ferguson's failure to promptly repudiate the Siddall contract constituted an acceptance. We cannot approve this theory. She was not obligated to say one way or the other whether she approved. Passage of time would be more inclined to express disapproval than approval. Myers v. Smith, 197 Iowa 195, 196 N.W. 989; see 12 Am. Jur., Contracts, page 533, section 40, where it is stated: "It is a general rule of law that silence and inaction do not amount to an acceptance of an offer. Thus, generally speaking, mere silence or failure to reject an offer when it is made does not constitute an acceptance."

Appellee alleges in his petition Walter Rouse and Hazel Ferguson conspired to deprive plaintiff of his commission. Whether or not they did will be developed on trial of the case. We cannot decide the question on this appeal. Suffice to say a conspiracy cannot be established nor inferred where nothing was done by the conspirators giving rise to a cause of action. Jayne v. Drorbaugh, 63 Iowa 711, 17 N.W. 433; Beechley v. Mulville, 102 Iowa 602, 70 N.W. 107, also 71 N.W. 428, 63 Am. St. Rep. 479; DeWulf v. Dix, 110 Iowa 553, 81

1198

N.W. 779; Dunshee v. Standard Oil Co., 152 Iowa 618, 132 N.W. .371, 36 L. R. A., N. S., 263; Olmsted, Inc. v. Maryland Cas. Co., 218 Iowa 997, 253 N.W. 804; Shannon v. Gaar, 233 Iowa 38, 6 N.W.2d 304; Nelson v. Melvin, 236 Iowa 604, 608, 19 N.W.2d 685, 687.

In Nelson v. Melvin, supra, the court said: "In determining whether a civil cause of action has been alleged, the charge of conspiracy alone does not state a cause of action. In Olmsted, Inc. v. Maryland Cas. Co. [supra] * * * this court stated: 'This court is committed to the rule that a conspiracy cannot be the subject of a civil action unless something is done pursuant to it which, without the conspiracy, would give a right of action.' "

III. In appellant Daisy Johnson's separate motion to dismiss, her contention is she was not an agent for her brothers and sisters as to the verbal agreement to pay a commission in connection with the contract with Siddall; also that plaintiff did not include her in the petition as a coconspirator with Rouse and Ferguson.

It could appear through the evidence that she was an agent, with her brother Wallace, for all the heirs as to the verbal agreement to pay plaintiff a commission. They were all present, except Hazel, and did not sign an agreement as to the commission. Such agreement was verbal. They left the hiring of plaintiff, and payment of commission, to Wallace and Daisy as to the first agreement, which was superseded by the later agreements, and the circumstances are such that plaintiff may be able to prove the same in connection with the Siddall contract.

She was a party to the sale to her brother and sister, and to the contract with Siddall, and could not have been ignorant of the procedure as to release of Siddall and substitution of herself and brothers and sisters in the sale to Wallace and Hazel.

She was associated with her brother Wallace as representing the family all through the proceedings, and in fact was as much entitled to be sued as he was. Whether she remains as a party defendant after all the evidence has been offered, is another question, not decided here.

For the purpose of passing on the motion, it was not necessary that Daisy be included as a coconspirator. Dickson v. Young, 202 Iowa 378, 210 N.W. 452; Olmsted, Inc. v. Maryland Cas. Co., supra; Community Sav. Bk. v. Gaughen, 228 Iowa 18, 289 N.W. 727; Shannon v. Gaar, 233 Iowa 38, 44, 6 N.W.2d 304, 307.

In Shannon v. Gaar, supra, Mr. and Mrs. Gaar and Mr. Shive were charged with conspiracy to prevent plaintiffs from collecting their commission on the purchase of an apartment house. The court dismissed the claim against Mr. Shive, and said: "In a case of this kind recovery may be had against some of the parties charged. Faust v. Parker, 204 Iowa 297, 306, 213 N.W. 794, 215 N.W. 235; Dickson v. Young, 202 Iowa 378, 380, 210 N.W. 452; * * * Young v. Gormley, 119 Iowa 546, 549, 93 N.W. 565; * * *."

The order of the trial court overruling the two motions to dismiss is affirmed.—Affirmed.

All JUSTICES concur.