# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 08-6050

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Matthew J. Smith, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Matthew J. Smith, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | Northern District of Iowa |
| | * | |
| v. | * | |
| | * | |
| Renee K. Hanrahan, | * | |
| | * | |
| Trustee-Appellee. | * | |

Submitted: March 13, 2009
Filed: March 17, 2009

Before KRESSEL, Chief Judge, SCHERMER, and SALADINO, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

Matthew J. Smith ("Debtor") appeals from the bankruptcy court[1] order
requiring him to turn over to Renee K. Hanrahan ("Trustee") commissions earned in

---

[1]The Honorable Paul J. Kilburg, Chief United States Bankruptcy Judge for
the Northern District of Iowa.

connection with two real estate sale contracts entered into pre-petition but closed post-petition. We have jurisdiction over the appeal from the order of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1) and (b). For the reasons set forth below, we affirm.

## ISSUES

The issue on appeal is whether the bankruptcy court erred when it concluded that a real estate agent's commissions earned in connection with two sale contracts entered into pre-petition but not closed until post-petition are property of the debtor real estate agent's bankruptcy estate subject to turnover to the trustee. We conclude that the bankruptcy court did not err in concluding that the commissions are property of the estate which the debtor must turn over to the trustee.

## BACKGROUND

The material facts are not in dispute. The Debtor is a self-employed real estate agent who works as an independent contractor for Frazier Realty Group. Prior to filing his bankruptcy petition, the Debtor represented Gladdis Construction Inc. ("Buyer") in connection with the purchase of two adjacent parcels of real estate. On May 9, 2005, the Buyer entered into a contract to purchase approximately 84 acres of real estate ("Becicka Property") from Wayne and Peggy Becicka ("Becicka Contract"). The Becicka Contract was contingent on the Buyer acquiring certain adjacent property owned by Jo Ann Shimek ("Shimek Property") which was necessary for access to the Becicka Property. On May 23, 2005, the Buyer and Jo Ann Shimek entered into a contract for the purchase of the Shimek Property ("Shimek Contract").

On October 6, 2005 ("Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. As of the Petition Date, neither the Becicka Contract nor the Shimek Contract had closed. Each contract had several contingencies, some of which were not satisfied until after the Petition Date. The

2

Debtor performed work post-petition in connection with each sale contract to ensure each sale was closed, including negotiating an amendment to and an extension of the Becicka Contract and assisting the Buyer in obtaining desired zoning of the property. Each contract eventually closed. The Debtor received a commission in the amount of $35,100 on account of the Becicka Contract on May 12, 2006, and a commission in the amount of $5,940 on account of the Shimek Contract on June 28, 2006, for his representation of the Buyer in connection with each sale.

The Trustee sought turnover of the Becicka and Shimek commissions as property of the Debtor's estate. The bankruptcy court determined that the commissions were property of the Debtor's bankruptcy estate and ordered the Debtor to turn over such commissions to the Trustee. The Debtor appealed the order directing turnover of the commissions.

STANDARD OF REVIEW

We review the bankruptcy court's conclusion of law that the commissions are included as property of the Debtor's bankruptcy estate *de novo*. *Parsons v. Union Planters Bank (In re Parsons)*, 280 F.3d 1185, 1188 (8th Cir. 2002).

DISCUSSION

Pursuant to Bankruptcy Code Section 541(a)(1), property of the Debtor's bankruptcy estate includes all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Commissions earned by a real estate agent pre-petition are property of the real estate agent's bankruptcy estate regardless of when they are paid to the agent. *In re Parsons*, 280 F.3d at 1188. Property interests are created and defined by state law. *Parsons v. Union Planters Bank (In re Parsons)*, 262 B.R. 475, 478 (B.A.P. 8th Cir. 2001), *aff'd* 280 F.3d 1185 (8th Cir. 2002). In Iowa a real estate agent earns a commission by: (1) effecting a

3

binding contract of sale under authority given to the agent to make such contract for the principal; (2) producing a purchaser to whom a sale is in fact made; or (3) producing a purchaser who is ready, willing, and able to purchase on the terms specified in the agency agreement. *Ducommun v. Johnson*, 110 N.W.2d 271, 273 (Iowa 1961). The Debtor earned his commission with respect to the Becicka Contract on May 9, 2005, the date the binding contract was entered into by the Buyer and the Becickas. The Debtor earned his commission with respect to the Shimek Contract on May 23, 2005, the date the binding contract was entered into by the Buyer and Ms. Shimek. Accordingly, the Debtor earned the commissions pre-petition.

This result follows even where the Debtor continued to perform services post-petition. *In re Parsons*, 280 F.3d at 1187-88 (commissions earned pre-petition despite the fact that post-petition the real estate agent "worked hard to ensure that all sales closed by scheduling inspections, applying for title work, ensuring that buyers were qualified, and negotiating contract changes between buyers and sellers."). The Debtor presented no evidence that the contract terms were altered by post-petition events so as to alter his interest in receiving the commissions. *Id*. at 1188. The only post-petition changes were to the Becicka Contract and they include the Buyer's grant to the Becickas of an additional 60 days to remove personal property from the Becicka Property and the parties' agreement to extend the closing deadline to April 28, 2006. Neither change altered the Debtor's right to a commission which was earned pre-petition.

The Debtor argues that the Becicka Contract and the Shimek Contract contained contingencies which were unsatisfied as of the Petition Date. According to the Debtor, he could not have earned his commissions until all contingencies were satisfied. The Debtor fails to identify any provision in either contract which so provides, nor does he cite to any legal authority supporting this proposition. Indeed, the same argument was made unsuccessfully by Ms. Parsons, who "worked hard to ensure that all sales closed by scheduling inspections, applying for title work, ensuring

4

that buyers were qualified . . ." – all contingencies necessary for those sale contracts to close. *Parsons v. Union Planters Bank (In re Parsons)*, 280 F.3d 1185, 1187 (8th Cir. 2002); see also *Parsons v. Union Planters Bank (In re Parsons)*, 262 B.R. 475, 479 (B.A.P. 8th Cir. 2001)("Parsons argues vigorously that she . . . performed substantial services post-petition, without which, the sales would not have closed and there would be no commissions. . . .") The Debtor has simply not distinguished his situation from that of the debtor in *Parsons*.

## CONCLUSION

The bankruptcy court did not err in determining that the Debtor earned his commissions with respect to the Becicka Contract and the Shimek Contract pre-petition and that such commissions were, therefore, property of the Debtor's bankruptcy estate. In fact, the bankruptcy court followed Eighth Circuit precedent announced in the factually similar case of *Parsons v. Union Planters Bank (In re Parsons)*, 280 F.3d 1185 (8th Cir. 2002). Likewise the bankruptcy court did not err when it ordered the Debtor to turn over such commissions to the Trustee. Accordingly, we AFFIRM.

———————————