The opinion of the court was delivered by
Gibson, C. J.
That the words would not have been actionable without superadded proof of malice, seems justly to have been taken for granted; but if the charge from whose supposed falsity it was proposed to be made out, related to a defective adaptation of the plaintiff’s house to purposes "of public accommodation, it is plain that it would not be disproved by evidence of his conduct and character: and indeed it would seem to be the capacity of the building, and not a contemplated misuse of it, which was the subject of the defendant’s remark. His remonstrance bore that the house for which the plaintiff prayed a license, “ was not designed for the accommodation of travellers, but was merely calculated as a place of resort for the idle and dissipated.” Now, being predicable either of structure or purpose, the word “ designed” might convey an invidious meaning were it not coupled with the word “calculated,” which denoting arrangement according to numerical computation, indicates adaptation to an end, and, when applied to a house, is referable to the design of the builder rather than to that of the occupant. To say that an almanac is calculated for the latitude and meridian of a place is to indicate its properties and not the views of those who consúlt it. But, it is said, that the innuendo with which the'words are laid, drew the exposition of the meaning to the jury; and that the evidence should have been suffered to pass, in order to meet the event of an interpretation unfavourable to the defendant. The written words of a witness to an extrinsic fact, are doubtless proper for the jury, as was held in M'Gee v. The Northumberland Bank, (5 Watts, 82;) but where the point is the intrinsic effect of a paper, the construction is exclusively for the court. It was the business of the judge, then, to interpret the words; and according to the true interpretation of them, the evidence was properly rejected.
Ho directed that the implication of malice was by the occasion; and, to say nothing of the fact that according to the legitimate meaning there was nothing to rebut, the principle of Gray v. *Pentland, fully bears him out. lie further charged, that the falsity of the words might be material only as an indication of malice; and this also is a well established principle. That malice is the gist of the action, and that it is not inseparable from misrepresentation, is shown by the case of *162 a master who is not responsible for the truth of his servant’s character given by him in good faith; though wilful falsehood would raise a presumption of malice which he could not resist. The exceptions all converge to these few points,- and none of them are sustained.
Judgment affirmed.
Cited by Counsel, 10 Casey, 115.