## KINYON v. PALMER.

1. Libel: LIBERTY OF THE PRESS. The press is not restrained from the use of such strictures or criticisms as tend to guard the public from injury, or to lessen the influences of the doctrines and practices of immoral and dangerous men.

2. —— LOYALTY. When one is falsely charged, in a printed publication, with disloyalty to his government, he may recover for the injury thus inflicted; but if his conduct indicates a want of fealty to its institutions, the press, when the disclosure is made from honest motives, should be left free to expose and make known such dereliction of duty.

3. —— WORDS NOT ACTIONABLE. To say of a man that he "foameth" is not actionable *per se*, and a count in a petition based upon such language, without an allegation of a defamatory sense in which it was published, is demurrable.

4. —— PLEADINGS. Under § 2928 of the Revision of 1860, if words published convey a libelous meaning upon their face, it is sufficient to set them out in the petition without an allegation of such meaning, and the court will determine upon demurrer the actionability of the words; where the words complained of are not actionable upon their face, the plaintiff must show by allegation their defamatory sense, and that they were spoken of him in that sense, but it is not necessary to allege extrinsic facts showing their relation to the plaintiff; the defamatory sense, and the application to the plaintiff being material, allegations of fact must be established by evidence.

5. —— JUSTIFICATION:., MITIGATION OF DAMAGES. Under the provisions of the statute (Rev., § 2929), the defendant, in an action of libel, may plead in justification or mitigation of damages, or both; and a failure to sustain a justification will not of itself be deemed proof of malice; neither does a failure to establish such plea preclude evidence of mitigating circumstances.

6. Pleadings: REDUNDANCY. Redundant or irrelevant matter in a pleading may be reached by motion, but not by demurrer.

*Appeal from Polk District Court.*

FRIDAY, APRIL 14.

LIBEL. Defendant's demurrer to the *third* and *ninth* counts of the petition was sustained. Plaintiff's demurrer to certain divisions of the answer was overruled; and from these rulings he appeals.

*B. N. Kinyon pro se,* with whom *Phillips & Phillips,* for the appellant.

*Withrow & Smith* for the appellee.

WRIGHT, Ch. J. — Defendant is the proprietor and one of the editors of the "Daily State Register," and it is 1. LIBEL: admitted that the alleged libelous matter was liberty of the press. published in that paper, in the months of May and June, 1863.

Plaintiff is a lawyer, and it seems made one or more public speeches, at or about the time of these publications, upon the subject of the existing rebellion against the government. Most of the matter complained of as libelous refers to these speeches, or to the conduct of plaintiff as a professed "unionist" or friend to the efforts of the government to suppress this rebellion. In examining these publications or strictures, our plain duty is to keep steadily in view the rights of both parties, the circumstances surrounding, and their respective obligations and privileges.

No man should suffer from malicious or false publications tending to expose him to public hatred, contempt or ridicule, or to deprive him of the benefit of public confidence and social intercourse. Nor, in this country is the 2. —— press to be restrained from the use of such stric-
loyalty. tures or criticisms as tend to guard the public from injury, or lessen the influence of the doctrines and practices of immoral and dangerous men. Our Constitution guarantees the freedom of the press, holding it responsible for the right thus recognized, and therefore, if one is falsely charged with disloyalty to his government, he may recover for the injury thus inflicted. But if his conduct indicates a want of fealty to its institutions, an honest devotion to its welfare and perpetuity, the highest welfare of society and the public demands that the press, where the disclosure is made from honest motives, should be left free to expose and make known such dereliction of duty. The safety and integrity of a government like ours depends so much upon the virtue and an intelligent and loyal exercise of the duties devolving upon its citizens, that a just criticism upon the acts of public men must necessarily be tolerated. No man is to set up a political or moral standard of his own, and compel all others to bow to its correctness, under the pain of being libeled or held up to public hatred or ridicule. And, on the other hand, while freedom of speech is as fully secured as that of the press, this immunity is not to be enjoyed without responsibility, without a liability to have improper or dangerous views fully and freely, though truly and justly, canvassed and exposed.

Thus much generally, and we come at once briefly to consider the questions made in the case before us. The 3. —— third count of the petition alleges, that defendant,
words not
actionable. contriving, &c., &c., published, &c., of and concerning plaintiff, a certain false, scandalous, malicious and defamatory libel, containing, among other things, the false,

&c., matter following, that is to say: "The Mississippi bard *foameth*" (meaning said plaintiff).

The ninth count, in the same manner, charges the publication of the following matter: "Why don't they? We have not been prosecuted for a libel for about three weeks. There is something wrong with the Cops. We would be happy to repair the damaged reputation of some Tory through the delightful process of the law. Can't we induce some slandered scoundrel, whose presence degrades the ordinary reptiles of the earth, to take up the cudgel of the criminal statutes and follow in the footsteps of the Mississippi bard" (meaning the said plaintiff, and that he is a "scoundrel, whose presence degrades the ordinary reptiles of the earth," and a "Tory").

To these counts a demurrer was interposed, upon the ground that the language did not of itself constitute a cause of action, and no defamatory sense is stated or specified.

The Revision (§ 2928) declares, that "in this action it shall not be necessary to state in the petition any extrinsic fact, for the purpose of showing the application to the plaintiff of any defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally that the same was published concerning the plaintiff; nor shall it be necessary to state any prefatory or extrinsic fact for the purpose of showing that such words were used in a defamatory sense, but it shall be sufficient generally to state that the words or matter were used in a defamatory sense, *specifying such defamatory sense;* and where the words or matter set forth, with or without the alleged meaning, show a cause of action, it shall be sufficient."

It is very clear that, without the aid of the statute, the *third* count contains no cause of action; and we think it is equally so, even with its aid. It is true the words are shown to have been published concerning the plaintiff; but there is no averment that they were so published in a

*defamatory* sense.　And without an allegation to this effect, there can be no pretense that they are actionable.　In what sense the words are defamatory, has not even been suggested in argument.　Plaintiff accepts, as a correct definition of libel, that found in the criminal statute, to wit, the malicious defamation of a person, made public by any printing, &c., tending to provoke him to wrath and to expose him to public hatred, contempt or ridicule, or to deprive him of the benefit of public confidence and social intercourse. Remarking that this definition is in accord with the authorities, at least as far as it recognizes the distinction between the actionability of words spoken and printed or written matter, and that the ordinary signification and acceptance of the language used, and the understanding of readers or hearers, fix the meaning of the libel (a rule applicable in this action as well as in slander).　*Woolworth* v. *Meadows*, 5 East, 463; *Turrill* v. *Dolloway*, 25 Wend., 426; *Cooper* v. *Greeley*, 1 Denio, 348; *Harvey* v. *French*, 1·Compt. & Mess., 11.　We are still unable to perceive the defamatory sense. How can it be justly said that, to print of another that he "foameth," tends to expose him to public hatred, &c., or to provoke him to wrath?　The words are not shown to have any secret, hidden, ironical, or other than their natural signification.　To say that one "foameth," may mean that he froths at the mouth; that he is in a rage, greatly agitated; or that he "gnasheth with his teeth," because of a dumb spirit like one of the multitude in sacred history. But, giving it its ordinary signification, that plaintiff was in a rage or violently excited, and it cannot be classed as actionable matter according to plaintiff's own definition.

The ninth count contains a further statement, and demands that we look a little more narrowly into the provisions of the statute.　By this count it is averred, that the language used ("Mississippi Bard," as we

4. ——
pleadings.

conclude), meant the plaintiff, and that he was a scoundrel, &c.

The statute dispenses with the averment of extrinsic facts (and hence with much of the useless verbiage of a common law declaration in slander or libel), showing that plaintiff was meant by the defamatory matter, it being sufficient to aver, in general terms, that it was published of and concerning him. This requirement of the statute may be conceded, as in the third count, to be sufficiently met. The more difficult question arises upon the other averment of this count, in the light of the concluding portions of § 2928 of the Revision. It will be seen that this declares that it shall not " be necessary to state any extrinsic or prefatory fact for the purpose of showing that such words were used in a defamatory sense, but it shall be sufficient *generally, to state that the words or matter were used in a defamatory sense, specifying such defamatory sense, and when the words or matter set forth, with or without the alleged meaning, show a cause of action, it shall be sufficient."*

This provision differs from that found in any of the Codes of other States, to which our attention has been directed. Thus, in Kentucky, Indiana, Ohio, New York and Missouri, we find simply the provision contained in the first part of the section above quoted. And in those States it has been held, that it was only intended to dispense with the necessity of averring extrinsic facts, showing that plaintiff was meant and intended by the defamatory matter, and that, in other respects, the petition in libel and slander should be substantially as at common law. (*Pike* v. *Van Werner*, 5 Pr., 171; 6 Id., 99; 1 Code, 403; *Fry* v. *Bennett*, 1 Id., 247; *S. C.*, 5 Sandf., 54; Stanton's Ky. Code, 109; 2 Ind. Rev., p. 45, § 86; *Steber and Wife* v. *Wessel*, 19 Mo., 513; *Crawford* v. *Marlin* (Ky.), decided 1856.

The concluding part of this section being then peculiar to our State, the question is, what is its true construction?

We answer, that if the words used, *without* the aid of the alleged meaning, or without the assistance derived from the general averment, show a cause of action, plaintiff need do no more than set them out in his petition. So far the rule is left as at common law. If there is no such averment, it is for the court to determine the actionability of the words upon the face of the petition; and if not actionable, to so declare. When the words fairly and reasonably construed are not thus actionable, the plaintiff is left to show their defamatory character by the proper averment. And when he alleges and states generally, that the words were used in such a sense, specifying it, if such general allegation shows the matter to be libelous or slanderous, we do not think he is required to do more. In other words, we are of the opinion that it was the intention of this section to apply the same rule in the manner of charging the defamatory character of the language or publication as is provided in other States (and by this same section in our State), in showing that plaintiff was meant thereby, leaving him to establish by proper evidence that the language was thus used. If, in this proof, he fails, of course he cannot recover. This, to our minds, is the plain and natural construction of the provision under consideration, and it accords with the thought the pleader should be required to state ultimate facts rather than the *evidence* of such fact. Any other construction would impair the force of the statute, and, indeed, leave pleadings in this class of cases much as they stood heretofore. The rule can work but little if any hardship to a defendant. The averment is a material one, and must be sustained by proof. If sustained, then plaintiff must, to this extent, succeed, otherwise this action fails.

Applying these rules to the case before us, we remark, that fairly construed the language set out in the ninth count does not, upon its face, mean the plaintiff was a tory

and a scoundrel, &c. This is not its fair meaning grammatically construed; nor is such a conclusion warranted without the aid of extrinsic facts. The pleader, however, avers generally in accordance with the provisions of the statute, that such was the meaning of the language used, and if he can sustain this averment by proof, he will establish a *prima facie* case to recover. Without such proof his action must fail. Whether the averment in this instance is susceptible of proof, and if so, how, we need not consider nor determine.

We therefore conclude that the court below erred in sustaining the demurrer to this count.

The demurrer to the several divisions of the answer might be disposed of, in the opinion of some of the members

5. —— justification: mitigation of damages. of the court at least, upon the ground that it is so framed as to reach and assail matter which is unquestionably well pleaded, however it may be as to other parts. If so, it was of course correctly overruled. The language of the pleader in demurring is unusual, and difficult of a satisfactory or clear construction. It is certainly reasonably susceptible of the construction stated. But without thus disposing of the case we shall state generally our conclusions upon the questions involved. Prior to the Revision (and similar provisions in the Codes and statutes of other States, and in England), there was much conflict and confusion upon the subject of testimony tending to aggravate or mitigate damages, as to how far evidence, under the general issue, might be received to impeach plaintiff's character, as to the effect of evidence, short of sustaining it under a plea of justification, and upon many other and kindred questions in actions of slander and libel. By § 2929 of the Revision, it is declared that: "In actions of slander and libel, the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances sufficient in

law to reduce the amount of damages, or he may allege either one of them without the other, and the allegation of the truth of the matter charged shall not, if the defendant fail to establish it, be deemed, in itself, proof of the malice of such words, but the jury shall decide upon the whole case, whether such defense was or was not made with malicious intent, and, whether he prove the justification or not, he may give in evidence the mitigating circumstances, but each defense must be separately stated and numbered, and if the defendant relies on more than one mitigating circumstance, sufficient in law to reduce the amount of damages, each of such circumstances must be separately stated and numbered, and sufficient in itself, and if the defendant relies on the truth of the matter charged, nothing herein is intended to relax the law of pleading heretofore in force, as regards the certainty of statement required in such a mode of defense."

This section renders plain and free from doubt some questions which before, from the authorities, were involved in uncertainty. With us we now know, that the failure to sustain a justification will not of itself be deemed proof of malice ; nor does a failure to establish such plea preclude evidence of mitigating circumstances, and while the matter in mitigation must be "sufficient in law to reduce the damages," now as heretofore, whatever is thus sufficient is receivable without reference to the effect of the justifying plea. "Malice (in the language of the report in the Civil Code), is the gist of the action, and every fact legally sufficient showing its intensity may be proved; and every fact showing its absence or *minimum* of intensity should also be allowed to be proved without any penalty, if the attempt be actually made without malice, though it should not succeed."

Now, it is admitted that defendant might comment freely upon the subjects referred to in the pleadings, being

responsible for the abuse of the right thus exercised. It is also conceded that if, without malice, he published no more than the truth in relation to the plaintiff and his public speeches, he is not liable. In this connection also, it is not controverted that malice must be shown, either as an inference from the falsity of the charge, or by proof of its actual existence; that in some method it is essential to show this motive in order to sustain the action. Unless privileged, if the libelous matter is established, malice is presumed, as a legal inference, without further proof. If plaintiff relies upon the existence of express malice, this raises a question of fact for the jury, and may be inferred either from the face of the publication itself, or be shown by extrinsic evidence. (*Childs* v. *Affleck*, 9 Barn. & Cres., 403; *Adwek* v. *Marsh*, 8 Iredell, 360; *Hart* v. *Reed*, 1 B. Monroe, 166; *Wright* v. *Woodgate*, 3 Camp. Mees. & Ros., 573; *Hastings* v. *Lusk*, 22 Wend., 410.) As to how far a knowledge that the matter was known to be false will raise a conclusive presumption of malice, see *Flitcraft* v. *Jenks*, 3 Whart., 158; *Fountain* v. *Boodle*, 3 Q. B., 5; *Smith* v. *Thomas*, 2 Bing., 372. And as to the weight due to the existence of a just and worthy motive though the charge be false, in rebutting the inference of malice, see *Lewis* v. *Chapman*, 16 N. Y., 369.

Recurring now to the provisions of the statute, the principles recognized in the foregoing cases, and others to be cited, and what was said in the first part of this opinion as to the relative rights and duties of these parties, we unite in the opinion that this demurrer was properly overruled. The several divisions objected to, either justify the publications or allege matter rebutting the presumption of malice, and matter which would rebut this presumption would, of course, tend to reduce the damages. In each, malice is expressly negatived, and it is also as clearly stated that the publications were made from honest motives, and with no intention to injure plaintiff.

Kinyon v. Palmer.

From the condition of the pleadings we do not deem it necessary to say more at present. Some of the matter **6. PLEAD-** contained in the divisions objected to, may be **ING: re-** **dundancy.** redundant or irrelevant. This would be reached by motion but not by demurrer. (Rev., §§ 2876, 2946.) Upon the question of what is proper evidence for the defense in such an action, and the changes introduced by our own and similar statutes, we refer to the following cases: *Steele* v. *Southwick*, 9 Johns., 214; *King* v. *Root*, 4 Wend., 114; *Runkle* v. *Myers*, 3 Yates, 518; *Opinion* of SPENCER, J., in *Van Vechten* v. *Hopkins*, 5 Johns., 211; *Rector* v. *Smith*, 11 Iowa, 302; *Karney* v. *Paisley*, 13 Id., 89; *Beardsley* v. *Bridgman*, 17 Id., 290; *Bradley* v. *Heath*, 12 Pick., 163. The well considered case of *Bush* v. *Prosser*, 1 Kern., 347, reversing *S. C.*, 21 Barb., 221; *Bisbey* v. *Shaw*, 2 Kern., 67; *Reynold* v. *Tucker*, 6 Ohio St., 516; *West* v. *Walker*, 2 Scam., 32; *Shoulty* v. *Miller*, 1 Ind., 544; *Sloan* v. *Petrie*, 15 Ill., 425; *Landis* v. *Shanklin*, 1 Ind., 92; *Brown* v. *Brooks*, 3 Id., 518; *Perkins* v. *Mitchell*, 31 Barb., 461; *Littlejohn* v. *Greeley*, 13 Abbott, 41, 311; *S. C.*, 22 Id., 345; *Fry* v. *Bennett*, 3 Bosw., 200; *Mayo* v. *Sample*, *ante.*

Because the court erred in sustaining defendant's demurrer to the ninth count of the petition, the judgment below is reversed. In other respects it will stand affirmed.

Reversed.