ARLENE NELSON, by her father and next friend, ALBERT J. NELSON, Appellant, v. ANNA MELVIN et al., Appellees.

No. 46725.

JULY 27, 1945.

Carlos W. Goltz, of Sioux City, for appellant.

Carl R. Jones, of Sioux City, for appellees.

MILLER, C. J.— Plaintiff's petition alleged: On December 31, 1943, Clinton Melvin, son of defendants, made an oral contract to marry plaintiff; by reason thereof he seduced and debauched plaintiff and she is pregnant; plaintiff was chaste and of good moral character and at all times has remained so with the exception of her sexual relations with defendants' son; the contemplated marriage was set for May 31, 1944, and would have taken place but for the acts of defendants; defendants, with knowledge of plaintiff's said seduction, "by agreement among themselves, working and cooperating together with a common purpose, have since plaintiff's said engagement to their son, Clinton Melvin, wrongfully and maliciously and with intent to injure the plaintiff, conspired together to alienate and destroy the affections of said Clinton Melvin for plaintiff and to bring about a breach of the marriage contract between them, and in accordance with such wicked agreement the defendants have each, separately and jointly, annoyed, harassed and abused plaintiff, made trouble between her and her fiancé, telling various and malicious stories about her and maliciously and intentionally continued to poison the mind of said Clinton Melvin against her until she became sick in body and mind and unable to stand such abuse; and said defendants pursuing said conspiracy, and in accordance with their agreement, wrongfully and maliciously persuaded and induced said Clinton Melvin to breach his contract of marriage with her and to refuse to carry same out"; defendants sent plaintiff the following telegram: "Miss Arlene Nelson, 1213½ Iowa St., Sioux City, Iowa, Mr. and Mrs. Nelson be advised—as guardian of my son. Drastic action will be taken against you for harboring him about your premises—"; the sending of said telegram was preceded by oral, false, and defamatory remarks of the defendants to and about her, "and as part of their intentions to wrongfully and maliciously breach the contract of marriage between Clinton Melvin and this plaintiff, and to maliciously slander and libel her, all of which said defendants succeeded in doing"; as a result of the foregoing plaintiff's good reputation has been destroyed, she has lost the consortium and companionship of her expected husband and has lost his love and affection; plaintiff has become

grieved and distressed and her nervous system has become impaired. The prayer demanded actual damages of $10,000 and punitive damages of $5,000.

Defendant J. A. Melvin filed a special appearance, which was sustained and no appeal has been taken therefrom. Defendant Anna Melvin filed a motion to have the petition of the plaintiff stricken in its entirety for the reason that the petition states no cause of action against defendant, and for the same reason moved to have the cause of action dismissed. This motion was sustained and plaintiff appeals to this court. The only question presented by the appeal is whether the petition states a cause of action.

I. The principal ground of the complaint of the appellant is that appellee, as mother of appellant's fiancé, caused him to break his contract to marry appellant. Insofar as the action is for breach of a marriage contract, or for alienation of affections, there is no right to recover on the part of a fiancé as distinguished from a spouse. In the case of Homan v. Hall, 102 Neb. 70, 72, 165 N. W. 881, L. R. A. 1918C, 1195, the court states:

"Where the marriage relation exists and third parties entice away the spouse or alienate the affections, a recovery is allowed, but the cause of action rests upon the right to the society, companionship, conjugal affections and fellowship of the estranged spouse. There is no such right in the fiancée. An alienation suit, therefore, is maintainable only for interference with the conjugal rights of the plaintiff."

The foregoing pronouncement is supported unanimously by the courts of this country where the question has been passed upon. Ableman v. Holman, 190 Wis. 112, 208 N. W. 889, 47 A. L. R. 440; Conway v. O'Brien, 269 Mass. 425, 169 N. E. 491, 73 A. L. R. 1448; Lukas v. Tarpilauskas, 266 Mass. 498, 165 N. E. 513; Clarahan v. Cosper, 160 Wash. 642, 296 P. 140; Leonard v. Whetstone, 34 Ind. App. 383, 68 N. E. 197, 107 Am. St. Rep. 252; Davis v. Condit, 124 Minn. 365, 144 N. W. 1089, 50 L. R. A., N. S., 142, Ann. Cas. 1915B, 544; Stiffler v. Boehm, 124 Misc. 55, 206 N. Y. Supp. 187; Minsky v. Satenstein, 6

N. J. Misc. 978, 143 A. 512; Case v. Smith, 107 Mich. 416, 65 N. W. 279, 31 L. R. A. 282, 61 Am. St. Rep. 341; Cooley on Torts, Third Ed., 494; 9 C. J. 342.

The reason for the rule is well stated in Conway v. O'Brien, supra, 269 Mass. 425, 428, 169 N. E. 491, 492, as follows:

"Upon grounds of public policy we are of opinion that this action cannot be maintained. Although marriage is a civil contract, it is a relation between the parties which intimately concerns the welfare of society and the State, and the parents and other relatives and friends of the contracting parties ought to be free to advise them without incurring a liability to be called upon to respond in damages where such advice results in the breach of the contract to marry.

"Upon consideration of the authorities and of the principles involved, we are of opinion that the ends of justice will be best served by holding that no action of this kind can be upheld. To decide otherwise would be to open the door to unwarranted litigation, to promote unfortunate engagements and to encourage unjustifiable attacks upon any relative or friend who could respond in damages. We are of opinion that a plaintiff is given an adequate remedy by having a right of action for slander or libel, as the case may be, whereby a contract to marry has been broken."

Appellant contends that all of the cases in this country have been decided erroneously. We are not disposed to so hold. On the narrow question of a recovery of damages for a parent, such as appellee herein, inducing her child to break a marriage contract, we hold that that alone does not suffice to support a cause of action.

II. Appellant contends that the petition states a cause of action based upon conspiracy and malicious libel and slander. On this feature of the case, in Conway v. O'Brien, supra, 269 Mass. 425, 426, 169 N. E. 491, the court states:

"It is also held that no one with impunity can by the use of slanderous or libellous words concerning one of the parties induce the other party to repudiate a contract to marry. In

such a case an action will lie for slander or libel but not for inducing a breach of the contract. Leonard v. Whetstone, 34 Ind. App. 383, 386 [68 N. E. 197, 107 Am. St. Rep. 252]. Overhultz v. Row, 152 La. 9, 12 [92 So. 716]. Homan v. Hall, 102 Neb. 70 [165 N. W. 881, L. R. A. 1918C, 1195]. Ableman v. Holman, 190 Wis. 112 [208 N. W. 889, 47 A. L. R. 440]."

In determining whether a civil cause of action has been alleged, the charge of conspiracy alone does not state a cause of action. In Olmsted, Inc. v. Maryland Cas. Co., 218 Iowa 997, 998, 253 N. W. 804, this court stated:

"This court is committed to the rule that a conspiracy cannot be the subject of a civil action unless something is done pursuant to it which, without the conspiracy, would give a right of action. Beechley v. Mulville, 102 Iowa 602, 70 N. W. 107, 71 N. W. 428, 63 Am. St. Rep. 479; DeWulf v. Dix, 110 Iowa 553, 81 N. W. 779; Jayne v. Drorbaugh, 63 Iowa 711, 17 N. W. 433; Dunshee v. Standard Oil Co., 152 Iowa 618, 132 N. W. 371, 36 L. R. A. (N. S.) 263."

Similarly, the allegations that defendant acted maliciously do not suffice alone to state a cause of action. In 34 Am. Jur. 684, the author states:

"Since malice in law is predicated upon the doing of an unlawful act, or the doing of a lawful act in an unlawful manner, it follows that malice, in contemplation of law, cannot exist where the thing done is lawful and the means employed are lawful."

Applying the foregoing rule of law to the type of complaint here before us, the New Jersey court, in the case of Minsky v. Satenstein, supra, 6 N. J. Misc. 978, 980, 143 A. 512, 514, stated:

"A contract to marry stands upon a different footing from the general commercial contract. In the former the state has an interest to see that the contract when consummated by marriage results in a union which will not only prove happy and lasting, but will fit well into the general social scheme. The

protection of this interest of the state rests primarily with the parents of those contemplating marriage, therefore, it is generally recognized that parents have the right to advise their children whether they shall enter into contracts to marry, and also to advise the breach of such contracts already entered into, when in the judgment of the parents a marriage ought not to take place, and such advice or the result thereof is not actionable. Leonard v. Whetstone, 34 Ind. App. 383 ; 68 N. E. Rep. 197 ; 107 A. S. R. 252, and 15 R. C. L. 18. If the parents thus have the right to act, their motive in acting cannot, of itself, make the act wrongful. 15 R. C. L. 59, § 19. If any other rule were to be pronounced, it would be inviting litigation of a character which would do much to break down family discipline and control.''

 III. Thus it readily appears that the assertions that appellee conspired with her husband or acted maliciously do not of themselves suffice to state a cause of action. Appellant contends that there is a cause of action stated, based on slander and libel. Appellee contends that the petition is fatally defective because neither libel nor slander is properly pleaded in that the words relied upon are not set forth.

In 37 C. J. 26, the rule is stated thus:

''The plaintiff must recover, if at all, for the publication of the particular matter referred to in the complaint or petition. Other actionable words not pleaded, although published at the same time, cannot be made the basis of recovery. The complaint or petition should allege sufficient facts to enable the court to determine whether the words are actionable.''

The same rule is stated in 33 Am. Jur. 214, 215, thus:

''The complaint or other pleading must contain allegations sufficient to show that the statement or matter complained of is defamatory as to the plaintiff. While some courts have held that the libel or slander complained of may be set out in substance and effect, the great weight of authority supports the view that in the absence of any statutory provision to the contrary, it must be reproduced verbatim, not only in order

to enable the court to determine whether it is in fact defamatory, but also to apprise the defendant of the exact charge that he will be called upon to answer."

Section 12412, Code, 1939, provides as follows:

"In an action for slander or libel, it shall not be necessary to state any extrinsic facts for the purpose of showing the application to the plaintiff of any defamatory matter out of which the cause of action arose, or that the matter was used in a defamatory sense; but it shall be sufficient to state the defamatory sense in which such matter was used, and that the same was spoken or published concerning the plaintiff."

While our statute does not explicitly require that the petition set forth the defamatory words relied upon, it does not change the common-law rule which required that the words be set forth. Thus, in Kinyon v. Palmer, 18 Iowa 377, 383, we stated:

"We answer, that if the words used, *without* the aid of the alleged meaning, or without the assistance derived from the general averment, show a cause of action, plaintiff need do no more than set them out in his petition. So far the rule is left as at common law. If there is no such averment, it is for the court to determine the actionability of the words upon the face of the petition; and if not actionable, to so declare."

Again, in Swearingen v. Stanley, 23 Iowa 115, 120, 121, we stated:

"Under our statute, Revision, section 2928, it is not necessary to state in a petition for slander or libel, any extrinsic facts showing the application of the defamatory matter to the plaintiff. It is enough to allege that it was spoken of and concerning him."

And in Clarke v. Jones, 49 Iowa 474, 478, we stated:

"It is sufficient for the pleader, so far as the question before us is concerned, to set out the words and the defamatory sense in which used."

We have not been cited to any decisions of this court inconsistent with the foregoing and we have found none. Accordingly, in an action for defamation, it is necessary to state in the petition the words that were spoken or written, upon which the action is based, and the defamatory sense in which they were used concerning the plaintiff. The only words attributed to appellee that are set forth in appellant's petition are those contained in the telegram. These alone are insufficient to support an action for libel by appellant against appellee.

Rule 70 of the Rules of Civil Procedure provides as follows:

"The petition shall state whether it is at law or in equity, the facts constituting the cause or causes of action asserted, the relief demanded, and, if for money, the amount thereof."

Rule 104(b) provides as follows:

"Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer."

Undoubtedly, the trial court determined that neither slander nor libel was properly pleaded in appellant's petition. This ruling was proper. The petition failed to state facts upon which relief could be granted.

The cause is affirmed.—Affirmed.

All JUSTICES concur.