**STATE OF IOWA ex rel. Richard C. TURNER, Attorney General, Plaintiff,**

v.

**FIRST OF OMAHA SERVICE CORPORATION OF OMAHA, NEBRASKA d/b/a Bank Americard, and Central National Bank and Trust Company, Des Moines, Iowa, Defendants.**

Civ. No. 74–306–2.

United States District Court,
S. D. Iowa, C. D.

Oct. 9, 1975.

◆

Richard C. Turner, Atty. Gen., and Julian B. Garrett, Douglas R. Carlson, Douglas R. Smalley, Hugh J. Perry, Asst. Attys. Gen., Consumer Protection Div., Des Moines, Iowa, for plaintiff.

Eugene Davis and David A. Scott, Des Moines, Iowa, and William E. Morrow, Jr., Omaha, Neb., for First of Omaha Service Corp.

Kenneth L. Butters, Jr., Des Moines, Iowa, for Central Nat'l B & T Co.

## ORDER FOR REMAND

HANSON, Chief Judge.

The Court issues this Order on its own motion.

In November of 1974, plaintiff Richard C. Turner filed an action in the District Court of the State of Iowa, in and for Polk County, seeking to enjoin the defendants named herein from "assesing or collecting" certain finance charges in excess of the rates prescribed in the Iowa Consumer Credit Code (ICCC), § 537.1101 *et seq.;* Code of Iowa (1975). Named as defendants were First of Omaha Service Corporation, a Nebraska corporation, and the Central National Bank and Trust Company, a national bank located in Iowa. Defendants are participants in the Bank Americard program operated by the First National Bank of Omaha. Suit was brought to enjoin an imminent increase in the "finance charge" assessed to Bank Americard holders whose cards were issued through the Omaha bank. Plaintiff's primary assertion was that the proposed change, unless enjoined, would allow the exaction of interest in excess of permissible ICCC rates.

On November 27, 1974, a hearing was held before Judge Dale S. Missildine in state district court. Judge Missildine indicated to the parties at that time that he would issue the requested injunction. While a proposed order was being prepared for the Judge's signature, but before any such order was signed, the case was removed to this Court by the defendants. Numerous motions have been filed in this cause since removal, and this Court has held two hearings on various matters. To date, no injunctive relief has been granted.

On June 12, 1975, this Court issued an order in which it expressed doubts as to its subject matter jurisdiction to entertain the lawsuit. To clarify this issue, the parties were given until July 18, 1975, to file briefs addressing the issues of subject matter jurisdiction and justiciability. These briefs have been filed. All parties argue that the requirements for this Court's subject matter jurisdiction are satisfied by this case. Plaintiff, in addition to his brief on federal jurisdiction, has also filed a motion urging this Court to abstain from ruling on the issues raised by his complaint, for the reason that any such ruling would involve an interpretation of a statute which has not yet been reviewed in the Iowa courts—the ICCC.

██ Based on its review of the record as a whole, the Court is forced to conclude that it lacks subject matter jurisdiction to entertain this lawsuit. Accordingly, the cause of action must be remanded to state court.

██ A review of plaintiff's amended complaint shows this case to be one arising under state law. Indeed, plaintiff concedes in his jurisdictional brief that "the action he is bringing is brought pursuant to the ICCC." (Plaintiff's Brief on Federal Jurisdiction, filed July 18, 1975, at 4.) As a state law case, federal jurisdiction is proper only if diversity of citizenship is present. 28 U.S.C. § 1332. Because this requirement is lacking, the case must be remanded.

Plaintiff's amended complaint is in two divisions. Division I seeks temporary and permanent injunctive relief to halt the following three activities of the defendants: (1) assessing or collecting

of finance charges in excess of the rate allowed by § 537.2402(3) of the ICCC; and (2) engaging in any future violations of §§ 537.3205 or 537.2402 of the ICCC; and (3) assisting the First National Bank of Omaha in collecting finance charges which violate § 537.-2402(3) of the ICCC. Division II of the complaint seeks a declaratory judgment to the effect that the acts of the defendants constitute a conspiracy to violate the National Bank Act, in particular 12 U.S.C. § 85, which provides that national banks may charge interest at the rate allowed by state law for state banks by the state where the loan is made.

██ All of these allegations go to matters of state law. Division I deals only with alleged violations of the ICCC. Plaintiff Richard C. Turner is a resident and citizen of the State of Iowa. Defendant First of Omaha Service Corporation is a citizen of Nebraska for purposes of diversity jurisdiction. Defendant Central National Bank and Trust Company is a national bank located in Polk County, Iowa. Pursuant to 28 U.S.C. § 1348, all national banking associations in cases such as this one "shall . . . be deemed citizens of the States in which they are respectively located." Thus, a national bank may be sued in federal court on a matter of state law, but only when the diversity jurisdiction requirements of 28 U.S.C. § 1332 are satisfied. *American Surety Co. v. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *Burns v. American National Bank & Trust Co.*, 479 F.2d 26, 29–31 (8th Cir. 1973) (Bright, J., dissenting). The parties here are non-diverse. Plaintiff is a citizen of Iowa. Defendant Central National Bank is also a citizen of Iowa. Thus, the complete

diversity requirement of 28 U.S.C. § 1332(a)(1) is clearly not satisfied.[1]

██ Defendants' removal petition asserts 28 U.S.C. § 1331, the general federal question statute, as one basis for the removal. Plaintiff has apparently acquiesced in this argument, taking the view that defendants may remove by virtue of their defense that application of certain sections of the ICCC to them would be unconstitutional. The Court does not believe this position to be the law. As stated by Professor Moore, "there can be no removal on the basis of a federal question presented for the first time in defendant's petition for removal or his answer." *1A Moore's Federal Practice*, ¶ 0.160 at 184–85 (2d ed. 1974). Under this view, Division I, which contains only state law grounds for relief, is removable only under a diversity rationale.

██ In Division II of his complaint, plaintiff seeks a declaratory judgment to the effect that the defendants are conspiring to violate the National Bank Act. The federal Declaratory Judgment Act, 28 U.S.C. § 2201, is not jurisdiction-conferring. It merely provides an additional remedy where federal jurisdiction already exists. *Terminal Freight Handling Co. v. Solien*, 444 F.2d 699, 703 (8th Cir. 1971), *cert. denied*, 405 U.S. 996, 92 S.Ct. 1246, 31 L.Ed.2d 465 (1972). Therefore, federal question or diversity jurisdiction must be present to allow the Court to consider plaintiff's conspiracy allegations.

Defendants argue that Division II is removable because it is a cause of action based on the National Bank Act, and thus federal jurisdiction is proper under 28 U.S.C. § 1337. Section 1337 provides

---

1. The Court also questions whether the minimum amount in controversy of § 1332 is met. This matter is unclear, since there has never been any indication to the Court that excess interest has in fact been collected. At the time suit was filed, such exactions were merely anticipated. This uncertainty involves issues of whether the amount is assessed from the plaintiff's or defendants' viewpoint, as well as determining the point in time at which to fix jurisdictional amount. Because diversity is lacking, however, these matters will not be discussed here. *See generally, 1 Moore's Federal Practice*, ¶ 0.91 at 825–32 (2d ed. 1974).

that "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." Defendants assert that Division II of plaintiff's complaint is based upon such an act of commerce, since 12 U.S.C. § 85 defines the interest rates national banks can charge, and 12 U.S.C. § 86 provides a remedy for those who are charged excessive interest by a national bank.

■■■■ This Court fully agrees that *if* Division II were an action for recovery of excessive interest under 12 U.S.C. § 86, federal jurisdiction would lie under 28 U.S.C. § 1337, regardless of the jurisdictional amount. *See Burns v. American National Bank & Trust Co.,* 479 F. 2d 26 (8th Cir. 1973). This is not such a case, however. Division II is premised on common law conspiracy, not the National Bank Act. Civil conspiracy is a recognized aspect of Iowa substantive law. *See Nelson v. Melvin,* 236 Iowa 604, 19 N.W.2d 685, 687 (1945); *see also Neff v. World Publishing Co.,* 349 F.2d 235, 256–58 (8th Cir. 1965). It is true that under Iowa law "a conspiracy cannot be the subject of a civil action unless something is done pursuant to it which, without the conspiracy, would give rise to a right of action." *Wilson & Co. v. United Packinghouse Workers of America,* 181 F.Supp. 809, 820 (N.D. Iowa 1960). Further, the conspiracy's "object" in this case is the alleged violation of a federal statute—12 U.S.C. § 85. The basic cause of action in Division II remains a matter of state substantive law, however, regardless of the fact that the tort may be called a conspiracy to violate a federal law.

■■■■ The United States Congress has specifically empowered certain civil plaintiffs with the ability to sue based on a conspiracy in some situations. *See, e. g.,* the Sherman Antitrust Act, 15 U. S.C. § 1 (1970); and 42 U.S.C. § 1985 of the Civil Rights Act. The National Bank Act is devoid of any language which can be construed as conferring a federal cause of action *for conspiracy* to violate 12 U.S.C. § 85. Indeed, by prescribing certain remedies for usurious acts in 12 U.S.C. § 86, it can be inferred that Congress did not intend to create any others.

■■■■ At its broadest, § 1337 should be read as creating federal causes of action arising *directly* out of "Acts of Congress." As the Eighth Circuit Court of Appeals has stated, "the Fifth Circuit has joined the Second Circuit in holding that 28 U.S.C. § 1337 gives federal courts jurisdiction in suits brought under *specific provisions* of the National Bank Act." *Burns v. American National Bank & Trust Co., supra,* at 29 (emphasis added).

Indeed, this Court is not aware of any federal usury case resting solely on § 1337 where the suit was not *directly* based on the provisions of § 85 and § 86. *See generally Haas v. Pittsburgh National Bank,* 60 F.R.D. 604 (W.D.Pa. 1973); *Partain v. First National Bank of Montgomery,* 467 F.2d 167 (5th Cir. 1972); *Cupo v. Community National Bank & Trust Co. of New York,* 438 F. 2d 108 (2d Cir. 1971); *Burns v. American National Bank & Trust Co, supra.* Even this approach, which relies on direct statutory authority to sue, has been criticized as too tenuous a basis for § 1337 jurisdiction. *See* Expanding Concepts of Federal Jurisdiction over National Banks, 59 Iowa Law Review 1030 (1974). In this case, of course, no direct statutory authority exists to sue for civil conspiracy in federal court. Hence jurisdiction cannot lie under § 1337.

■■■■ Since Division II is based on Iowa law, the lack of diversity of citizenship heretofore discussed is fatal to federal jurisdiction. Under these circumstances, the Court must remand the case. Indeed, any ruling it would make on the merits would be a nullity. *See City of Indianapolis v. Chase National*

*Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

For the above reasons, it is hereby ordered that this cause of action be remanded to the District Court of Iowa in and for Polk County.