**Levi William WEST, Appellant,**

**v.**

**William CARSON, individually and as an officer of the City of Maryland Heights, Missouri, Police Department; Scott Will, individually and as an officer of the Maryland Heights, Missouri, Police Department, Appellees.**

No. 94–2615.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1995.

Decided March 3, 1995.

Larry Bagsby, St. Charles, MO, argued, for appellant.

Peter J. Dunne, St. Louis, MO, argued (Sandra A. Steiniger, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Levi West, the plaintiff in this action under 42 U.S.C. § 1983, contends that certain erroneous rulings by the District Court[1] entitle him to a new trial. We disagree and affirm the judgment of the District Court.

## I.

On January 27, 1990, West was arrested by the defendants, William Carson and Scott Will, at his relatives' home. West was charged with attempted rape. West wrote a confession to the charge during interrogation, but later recanted. He was tried for the crime twice, and, eventually, acquitted.

In this lawsuit, West alleged that Carson and Will deprived him of his right to a lawyer, coerced an involuntary confession, and conspired to commit these two acts. According to West, he repeatedly requested a lawyer after being arrested, and confessed to the attempted rape only because Carson and Will threatened to seize his relatives' property under the Missouri forfeiture statutes. After a trial on the merits, the trial judge directed a verdict in favor of the defendants on the conspiracy count, and the jury found in favor of the defendants on the underlying counts.

In this appeal, West seeks a new trial on all issues. He argues that errors by the District Court in the trial justify such relief. We disagree and affirm the judgment of the District Court.

## II.

West's first point for reversal is that the District Court incorrectly excluded evi-

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

dence, on grounds of irrelevance, which would have tended to prove West's innocence of the attempted rape. The trial court limited the issues to occurrences from the time of West's arrest on. West's theory, however, is that exculpatory evidence is relevant because people do not usually confess to crimes they did not commit. One explanation for such a confession is that it was coerced by overzealous police officers. Thus, the evidence is relevant because it, at least to some degree, tends to make the proposition that the confession was coerced more likely. See Fed. R.Evid. 401.

The admission or exclusion of evidence "is committed to the sound discretion of the district court." *Hannah v. City of Overland, Mo.,* 795 F.2d 1385, 1388 (8th Cir.1986). We will not disturb the District Court's evidentiary ruling unless there has been a clear abuse of that discretion, *id.* at 1388–89, and a failure to do so is "inconsistent with substantial justice." Fed.R.Civ.P. 61. Furthermore, we may affirm the holding on any grounds supported by the record, even if not relied on by the District Court. *Waller v. Groose,* 38 F.3d 1007, 1008 (8th Cir.1994) (per curiam).

The District Court's decision to exclude the exculpatory evidence is not "inconsistent with substantial justice." It is true that evidence tending to prove West's innocence is, strictly speaking, "relevant" under Rule 401 of the Federal Rules of Evidence. Innocent people do not usually confess. However, its probative value is small in this case. Conversely, if the evidence had been admitted, the trial could quickly have become focused on whether West was guilty of the attempted rape. Such a development would only confuse the jury and have a strong tendency to make the jury's verdict turn on whether it believed West was guilty or innocent of the criminal charge. Whether his constitutional rights were violated by Carson and Will would have become secondary. The small probative value of the evidence was substantially outweighed by its prejudicial effect and tendency to confuse the issues. See Fed. R.Evid. 403. We cannot say that the exclusion of this evidence was inconsistent with substantial justice or a clear abuse of discretion.

### III.

■ West next contends that the District Court did not correctly instruct the jury. The formulation of jury instructions is within the broad discretion of the District Court. *Federal Enterprises, Inc. v. Greyhound Leasing & Financial Corp.,* 849 F.2d 1059, 1061 (8th Cir.1988). We will not disturb a verdict based on the formulation of the language of jury instructions "so long as the instructions given are accurate and fair to both parties." *Id.* at 1061.

■ In the case before us, West's theory was that Carson and Will coerced an involuntary confession by threatening to seize the property of his relatives and refusing his repeated requests for counsel. The District Court instructed the jury that, in order to find in favor of West on the involuntary-confession count, they must find, among other things, that the defendants "made statements which compelled the plaintiff to write an involuntary confession to a criminal offense...." Likewise, in order to find in favor of West on the deprivation-of-counsel count, the jury was instructed that they must find that "during interrogation plaintiff requested assistance of counsel and [the defendants] denied plaintiff's request...." We cannot say that the District Court abused its discretion by instructing the jury in this manner. These instructions accurately, fairly, and sufficiently presented the case to the jury. It was within the discretion of the District Court to choose not to amplify these verdict-directing instructions by giving the further definitional instructions requested by the plaintiff.

### IV.

■ West's third argument is also without merit. He contends that counsel for Carson and Will was guilty of misconduct for attempting to address issues occurring prior to West's arrest when the District Court had previously ruled them inadmissible. The incidents referred to by West are not significant. During opening statement, defense counsel described the crime and the events leading up to West's arrest, referred to the

location of West's home in relation to the crime scene, and stated that the prosecuting witness had testified at the criminal trial that she could not positively identify her assailant.

The only statement which was ruled admissible was the reference to the proximity of West's house to the scene of the crime, because that information was part of the written confession. West objected to the statements about the crime and his arrest. His objection was sustained, and the jury was appropriately admonished. No objection was made to the statement about the prosecuting witness's testimony, and it was not plain error.

West also claims that defense counsel attempted to place him near the scene of the crime during cross-examination. This line of questioning, however, was terminated when West objected. The final incident was an attempt to question West about how much he had to drink the day of the crime. An objection to this line of questioning was, likewise, sustained.

■■■ The conduct of the trial, including arguments by counsel, is left, in large part, to the discretion of the trial court. *Vanskike v. Union Pacific Railroad Co.*, 725 F.2d 1146, 1149 (8th Cir.1984). We will not intrude into this area unless there is a clear abuse of this discretion. The District Court, not this Court viewing a cold record, is best situated to determine whether statements made in the trial are so prejudicial as to warrant a new trial. *Williams v. Mensey*, 785 F.2d 631, 637 (8th Cir.1986).

We fail to see how West was sufficiently prejudiced by any of the statements cited here. In all but two instances, West's objections were sustained, and the jury was admonished. As for the remaining instances, in one case West failed to preserve the issue by objecting, and the other referred to facts already in evidence from West's confession. We will not set aside a verdict on such a sparse indication of prejudice.

## V.

West's final argument is that the District Court erroneously directed a verdict in favor of Carson and Will on the conspiracy count.

In West's view, there was ample evidence which would have allowed the jury to conclude that Carson and Will acted in concert to deprive West of his civil rights. Thus, the question should have been submitted to the jury.

■■ West's argument fails to recognize a fundamental principle of civil conspiracy law. The focal point of the law of civil conspiracy is the act done in furtherance of the conspiracy, not the conspiracy itself. As Judge Learned Hand so aptly stated, "[w]hatever may be the rule in criminal conspiracies, it is well settled that the civil liability does not depend upon the confederation, ... but upon the acts committed in realization of the common purpose." *Lewis Invisible Stitch Machine Co. v. Columbia Blindstitch Machine Mfg. Corp.*, 80 F.2d 862, 864 (2d Cir.1936). Furthermore, as this Court has stated, "a conspiracy cannot be the subject of a civil action unless something is done pursuant to it which, without the conspiracy, would give a right of action." *Neff v. World Publishing Co.*, 349 F.2d 235, 257 (8th Cir.1965) (quoting *Nelson v. Melvin*, 236 Iowa 604, 608, 19 N.W.2d 685, 687 (1945)). In other words, a conspiracy alone will not support a judgment for civil liability. There must also be some act done in furtherance of the conspiracy which damaged the plaintiff.

Thus, for example, in *Rotermund v. United States Steel Corp.*, 474 F.2d 1139 (8th Cir.1973), this Court held that the plaintiff could not recover on a theory of conspiracy to induce a breach of contract when no contract had been breached. Likewise, in *Nalle v. Oyster*, 230 U.S. 165, 33 S.Ct. 1043, 57 L.Ed. 1439 (1913), the plaintiff could not recover for conspiracy to defame when the alleged libelous statements were privileged, thus precluding a recovery for defamation. The underlying theory in each of these cases is that conspiracy does not, by itself, state a civil cause of action. Recovery is dependent on establishing a right to recover on the underlying action; in these cases, breach of contract and defamation.

■■ Applied to West's case, the jury's finding that Carson and Will did not deprive him of his civil rights precludes a recovery

for conspiracy to deprive West of those same rights. Perhaps there was enough evidence to allow the jury to conclude that Carson and Will had a meeting of the minds. That is irrelevant now, because the jury concluded that West had not established a right to recover on the underlying civil-rights claims. His conspiracy theory must, then, as a matter of law, also fail.

## VI.

West has failed to establish that a new trial is justified. The judgment of the District Court is affirmed.